## MALY v. LAMERTON et al.

No. 15617—Opinion Filed Oct. 20, 1925.

(Syllabus.)

1. **Appeal and Error — Review — Verdict Contrary to Evidence — Verdict too Small.**

Where the jury finds that the plaintiff is entitled to recover, and said finding of the jury is supported by competent evidence, and thereupon renders a verdict in the sum of one dollar, where the record discloses that if plaintiff was entitled to recover, the sum should be much greater, held, the jury are not permitted to disregard the law and the evidence and arbitrate the matters submitted to them according to their own theories of what may be right between the parties, which is in reality deciding it merely according to their own whim and in disregard of the evidence given at the trial.

2. **Same—Compromise Verdict.**

It is only where the verdict cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Mary Maly against W. E. Lamerton and L. E. Messman. Judgment for plaintiff for less than sued for, and she appeals. Reversed and remanded.

John F. Curran, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error Lamerton.

George D. Wilson, for defendant in error Messman.

CLARK, J. This action was commenced in the district court of Garfield county by plaintiff in error, who was plaintiff below, against the defendants in error, who were defendants below.

Plaintiff's petition alleged that the defendants were owners of and jointly interested in the sale of real estate situated in Garfield county, Okla., same being 160 acres, described in said petition. Plaintiff further alleged that said real estate was held in the name of Grace T. Lamerton, but that she had no actual interest therein, was simply holding the legal title in trust for the defendants; that she executed an oil and gas lease to E. M. Hanson, who is a sister of the defendant W. E. Lamerton, it being understood and agreed by and between said defendants and the said E. M. Hanson that she was simply to hold said lease for the benefit of said defendants.

Plaintiff further alleged that, on or about the 10th day of January, 1922, she entered into negotiations with the defendants for the purchase of said real estate; that the defendants represented to the plaintiff that said real estate had thereon an ordinary five-year oil and gas lease, that the same was the usual five-year lease, with the provisions that if no well was commenced within twelve months, rent should be paid for the extensions at the rate of $1 per acre for each year that said lease should be extended for the said term of five years. Plaintiff further alleged that the defendant L. S. Messman prepared an abstract of title to said land, and that it was shown in said abstract that said oil and gas lease was a five-year lease; that said abstract was then delivered to plaintiff for examination, and passed by her attorney.

Plaintiff further alleged that she purchased said real estate, paying a valuable consideration therefor, believing that said oil and gas lease was the usual five-year lease, as represented by the defendants to her, and as shown by said abstract; that the rent not having been paid on the 10th day of January, 1923, when the same would have become due and payable had the lease been the usual five-year lease, she wrote to E. M. Hanson, the person named as lessee in said lease, requesting a release from her of said lease for the reason that rent had not been paid; and that at that time she caused further investigation to be made concerning said lease, and then, for the first time, discovered the lease that was given to E. M. Hanson was not the usual five-year lease, as represented to her by said defendants.

Plaintiff further alleged that said lease was a ten-year lease, and that the rentals for the first five years thereof had been fully paid up. Plaintiff further alleged that if the said lease, as represented to her by the defendants as being a five-year lease with the usual covenant as to the payment of rentals, had been as represented, she would have received rental therefrom in the sum of $160 per year for a term of four years; and that by reason of said lease not being as represented to her by the said defendants, and on account of said deceit and false representations, she had been damaged in the sum of $640 as actual damages, and that on account of the malice and willful deceit of the said defendants she is entitled to recover exemplary damages in the sum of $500, and prays judgment for like amount.

To this petition the defendants, L. F. Messman and W. E. Lamerton, filed sepa-

rate answers, each consisting of a general denial. The case came regularly on for trial to a jury; the jury found in favor of the plaintiff, assessing her recovery at the sum of $1, and the court rendered judgment thereon. In due time a motion for a new trial was filed by plaintiff, which was by the court overruled, and the case was appealed to the Supreme Court.

Plaintiff in error presents six assignments of error, which are as follows:

"1. The verdict is not sustained by sufficient evidence.

"2. That the amount of damages fixed by the jury is too small and not sustained by the evidence.

"3. The verdict is contrary to law.

"4. Because of error of law occurring at the trial.

"5. Because of error of the court in giving to the jury instruction No. 4.

"6. Because the court. erred in overruling the plaintiff's motion for a new trial."

We think this case can be disposed of and all assignments of error go to the one proposition that the verdict is not sustained by the evidence.

The testimony on the part of the plaintiff disclosed that said land was held by Grace T. Lamerton, wife of the defendant Lamerton, for Lamerton and Messman, the defendants, and that prior to the sale of the land they caused Grace T. Lamerton to execute an oil and gas lease to the sister of Lamerton, Mrs. Hanson; that Mrs. Hanson had no interest in the lease except to hold the same for the benefit of the defendants. The testimony further disclosed that an abstract was signed and certified to by the defendant L. F. Messman, and that in making the abstract one J. J. Enright did the clerical work. Enright, called as a witness by the plaintiff, testified that in abstracting this oil and gas lease in addition to the abstract of the lease as it was when delivered to the plaintiff, he copied therein a provision contained in the lease as follows:

"The consideration of $1.00 paid for this lease and other valuable considerations is full payment for this lease and the rental thereon for a term of five years."

Enright testified that he was requested by L. F. Messman to rewrite this page of the abstract and leave out this provision in the lease; that he did as requested by L. F. Messman, and that this provision was not contained in the abstract at the time same was delivered to plaintiff. The evidence further shows that the lease provided for a term of ten years and contained the foregoing provision, showing that the rent was paid for five years.

Plaintiff, Mary Maly, testified that she purchased said land from the defendants, paying therefor the sum of $13,000, part of it being paid in cash and part from the proceeds of the sale of 80 acres that she sold belonging to her; that Lamerton and Messman both came to her home and talked about selling her the land; and further testified as follows:

"Mr. Lamerton said, 'Joe, that farm is leased.' My husband says, 'Who is going to take the money then?' Mr. Lamerton said, 'The first year payment, I got it already spent, and the next go to you.'"

Then, following this conversation, and in reply to the following questions, the witness testified:

"Q. What did he say about the term of the oil and gas lease that there was on the farm?

"A. He said it was a five-year lease. My husband said 'How long is it leased?' and he said, 'Just five years.'

"Q. Was there anything further said there about the lease?

"A. That was all."

Frank Maly, son of the plaintiff, testified that he was present when the defendants were negotiating with his mother for the sale of said land and that Dr. Lamerton said it was a common five-year lease.

Mrs. Maly testified that if the lease had been the ordinary five-year lease with rents payable after the first year, as she understood it was, she would have received $160 a year for four years.

A careful consideration of the record convinces us that the plaintiff was entitled to recover damages under the facts in the record, and that the verdict of the jury finding in favor of the plaintiff was not contrary to the evidence, but was amply supported by the evidence, and that the sum assessed as recovery by the jury was a compromise verdict and should have been set aside by the trial court. This court in the case of Earley et al. v. Johnson, 58, Okla. 466, 160 Pac. 482, said in the body, of the opinion:

"Where a verdict cannot be justified upon any hypothesis presented by the evidence, it would be unjust to permit it to stand. The jury are not permitted to disregard the law and the evidence and arbitrate the matters submitted to them ac-

cording to their own theories of what may be right between the parties, which is in reality deciding it merely according to their own whim, and in disregard of the evidence given at the trial. 2 Thompson on Trials, sec. 2606; Thompson v. Burtis et al., 65 Kan. 674, 70 Pac. 603; Whitney v. Milwaukee, 65 Wis. 409, 27 N. W. 39; Gartner v. Saxon, 19 R. I. 461, 36 Atl. 1132; Schrader v. Hoover, 87 Iowa, 654, 54 N. W. 463.

"However, it is only where the verdict of the jury cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict. Woolsey v. Zieglar, 32 Okla. 715, 123 Pac. 164."

We therefore are of the opinion that this verdict of the jury assessing the recovery of $1 cannot be sustained upon any hypothesis, as presented in this case. If the plaintiff was entitled to recovery, her damages were far in excess of the sum of $1, and the jury found that she was entitled to recovery, and such finding is amply supported by the evidence in the instant case. We are therefore of the opinion that the trial court erred in failing to grant the plaintiff a new trial.

The cause is reversed and remanded, with directions to grant plaintiff a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HARRISON, PHELPS, LESTER, and RILEY, JJ., concur.