## ALEXANDER DRUG CO. v. WHITAKER et al.

No. 19726.   Opinion Filed Nov. 18, 1930.

Meyer & White, for plaintiff in error.

Anglin & Stevenson and Forrest M. Darrough, for defendants in error.

ANDREWS, J.   The parties appear in this cause in the same order in which they appeared in the trial court, and they will be hereinafter referred to as plaintiff and defendants.

Plaintiff instituted the suit to recover on seven promissory notes aggregating the sum of $350, with interest and attorney's fees. The defendant Whitaker filed an amended answer in which he denied generally the allegations of plaintiff's petition, and then alleged, in substance, that the notes sued on were given as part payment for a refrigerating plant sold by the plaintiff to the defendants.   He alleged that the plaintiff made certain representations at the time of the sale and that the refrigerating plant was not as represented to be.   He alleged that by reason thereof he was damaged in the sum of $350.   The plaintiff filed a reply and made a general denial of the matters alleged in the answer of the defendant Whitaker.

The record shows that the defendants executed a written order for certain property, including "1—only 6 hole Nelson Mechanical Unit."   The order contained the following provision:

"There is no condition or agreement with your salesman, material to, or altering the terms of this order, except those herein stated, and no claims will be made by us for goods not specified herein."

There is no dispute as to the delivery of the property ordered.   There is no evidence of any warranty except an implied warranty of fitness.   The purchase price of the goods was $577.50, and there is no evidence as to what portion of that price was for the mechanical unit and what portion was for other property purchased.   There was no question raised as to the property purchased other than the mechanical unit.   There was no evidence of the value of the mechanical unit at the time of its purchase or delivery. There was no evidence of the value that the mechanical unit would have had at the time it was ordered or delivered if it had been as impliedly warranted.

The defendant who made the order testified that the instrument purchased was supposed to keep 30 gallons of ice cream or six 5-gallon freezers.   That was not denied. The record shows that the life of such a mechanical unit was "two or three years." The witnesses for the defendant Whitaker testified concerning a cabinet containing eight cans.   They said that the machine was used from two to three years; that it was the only refrigerator they had; that they were doing a big business; that it was good enough to keep the ice cream and that sometimes the belt would break or the motor get out of order and that then they would have to send the cream over to the factory until repairs were made.   There was no testimony as to the cost of the repairs or the damage sustained by the breaking down of the machine.

We do not think it necessary to review the evidence further.   The applicable statutes are sections 5989 and 5990, C. O. S. 1921, which read as follows:

"The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

"The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be that which is defined in the last section, together with a fair compensa-

tion for the loss incurred by an effort in good faith to use it for such purpose."

The trial court correctly instructed the jury that:

"In this connection you are further instructed that, since the claim of the plaintiff for the amount sued for herein has not been controverted by the evidence, and since the only defense to the action is based on a counterclaim for damages, the burden of proof in this action has shifted to the defendant herein to prove and establish to your satisfaction by a preponderance of the evidence the amount of damages, if any, which they are entitled to have set off against plaintiff's claim herein. * * *

"And in this connection you are further instructed that the measure of damages, that is the amount of damages which the defendants are entitled to recover as an offset to plaintiff's claim herein, is the difference in the actual value of the machine sold or the value with the defect and the price paid or agreed to be paid. In this case the agreed price of the machine was $577.50, and if you find as aforesaid the implied warranty has been breached, then you will endeavor to determine from the testimony of the actual value of the machine when it was delivered to the defendants and deduct that value from $577.50, the price agreed to be paid, and you will thereby arrive at the correct amount of damages to which these defendants are entitled, and then you will offset that amount against the amount which you find to be due and owing to the plaintiff herein,"

—but the jury disregarded that instruction.

The trial court committed reversible error in denying the motion for new trial after the jury returned a verdict "For the defendants." Plaintiff asked for an instructed verdict, which was denied, and in the motion for new trial and petition in error plaintiff asserted the insufficiency of the evidence to sustain the verdict and that the verdict was contrary to the evidence and to the law.

Before the jury could return a verdict in favor of the defendants in this case there must have been proof of the actual value of the machine sold or the value thereof with the defect, and proof of the price agreed to be paid. There was no proof of the price agreed to be paid. Five hundred and seventy-seven dollars and fifty cents was not the price agreed to be paid for the mechanical unit. That was the price agreed to be paid for the mechanical unit and other property purchased. The only evidence tending to show the value of the mechanical unit with the defect was the statement that it was not worth anything. Such a statement cannot be given any evidential value in the face of a record that shows that they used the machine for from two to three years as the only means of caring for a large ice cream business. The machine, on the uncontradicted evidence, had some value, and the conclusion of a witness that a machine so used was not worth anything is a conclusion only. If the machine was not worth anything, the defendants could not have used it as the only means of operating a large ice cream business over a period of two years.

In Maly v. Lamerton, 113 Okla. 168, 240 Pac. 716, this court said:

"Where a verdict cannot be justified upon any hypothesis presented by the evidence, it would be unjust to permit it to stand. The jury are not permitted to disregard the law and the evidence and arbitrate the matters submitted to them according to their own theories of what may be right between the parties, which is in reality deciding it merely according to their own whim, and in disregard of the evidence given at the trial."

And in Anderson v. Graham, 87 Okla. 278, 210 Pac. 281, this court held:

"A motion for a new trial on the ground that the evidence is insufficient to support the judgment should be sustained where it clearly appears on the hearing of such motion that there is not sufficient material and competent testimony in the record to support the judgment and the amount of damages awarded are greatly excessive."

Under those holdings the trial court committed reversible error in refusing to grant a new trial in this case.

The cause is remanded to the county court of Hughes county with directions to vacate the judgment rendered in this cause and set aside the verdict of the jury and grant the plaintiff a new trial.

MASON, C. J., LESTER, V. C. J., and RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. HUNT, J., absent. CLARK, J., dissents.