ZULLO v. DETROIT CREAMERY CO.

TRIAL—AUTOMOBILES—INSTRUCTIONS—JUDGE'S COMMENTS ON EVI-
DENCE.

In damage case by driver and passengers in car which collided
with defendant's milk wagon at 4 o'clock on a New Year's
morning, failure of court to give definite instructions upon
duty and conditions of liability of defendant and charging
extensively as to contributory negligence of plaintiff driver
*held*, reversible error where issue to be determined, as pre-
sented by testimony, was whether defendant's wagon was on
proper side of street, doctrine of contributory negligence had
no application and comments of court on testimony and claims
of plaintiffs were unduly unfavorable to plaintiff.

Appeal from Wayne; Campbell (Allan), J.   Sub-
mitted October 13, 1937.   (Docket Nos. 115, 116, Cal-
endar Nos. 39,642, 39,643.)   Decided November 10,
1937.

Separate actions of case by Josephine Zullo, Nick
Zullo and William Barning against Detroit Cream-
ery Company, a Michigan corporation, for personal
injuries sustained in a collision between an automo-
bile and a milk wagon.   Cases consolidated for trial.
Verdicts and judgments for defendant.   Plaintiffs
Zullo appeal.   Reversed, with new trial.

*Ricca & Olds,* for plaintiffs Zullo.

*Vandeveer & Vandeveer,* for defendant.

FEAD, C. J.   About four o'clock on New Year's
morning, 1935, William Barning, with Josephine

and Nick Zullo as passengers, was driving north on St. Jean avenue in the city of Detroit. Robert Hersch, a salesman for defendant, was driving a horse-drawn milk wagon south on St. Jean avenue. A collision occurred between Barning's car and the milk wagon. Actions for damages by Barning, Josephine and Nick Zullo were consolidated and, on trial before a jury, defendant had verdicts of jury and judgments.

The issue made by the testimony was clear cut. It was plaintiffs' claim that Barning at all times was on the east side of the street and that Hersch drove across the center line and struck him. It was defendant's claim that Hersch at all times was on the west side of the street and that Barning's car skidded on the ice, across the center line, and ran into the milk wagon. The testimony presented no issue of contributory negligence of Barning. If Hersch crossed the center line and struck Barning's car, defendant is liable. If Hersch remained on his own side of the street, defendant is not liable.

The court failed to give definite instructions upon the duty and conditions of liability of defendant. It charged rather extensively upon defendant's claim that Barning was guilty of contributory negligence under the doctrine of ''assured clear distance ahead.'' The doctrine was not applicable to the case as presented. We also think the comments of the court on the testimony and claims of plaintiffs were not within the limitations set up in *People* v. *Lintz*, 244 Mich. 603, and were unduly unfavorable to plaintiffs.

Reversed with new trial, and costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.