KNOX v. LOOSE-WILES BISCUIT CO.

No. 31425.   Dec. 12, 1944.

*154 P. 2d 59.*

Dudley, Duvall & Dudley and Albert D. Lynn, all of Oklahoma City, for plaintiff in error.

Clayton B. Pierce, Truman B. Rucker, Fred M. Mock, and Bryan W. Tabor, all of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted on October 28, 1941, in the court of common pleas of Oklahoma county by Loose-Wiles Biscuit Company, hereinafter referred to as plaintiff, against Dr. Roland F. Knox, hereinafter referred to as defendant, to recover as damages the sum of $653.60 for injuries to a truck sustained on October 10, 1940, as the result of a collision between the truck and an automobile which was being driven by the defendant.

The plaintiff in its petition alleged, in substance, that the collision and the resulting injuries to its truck had been sustained as a result of the negligence of the defendant in driving an automobile at a high and dangerous rate of speed on a wet and slippery black top road and into the truck of plaintiff and failure of defendant to have the automobile under control and negligence in driving on the wrong side of the road and failure of the defendant to have the automobile equipped with proper brakes or to use the brakes which were on the automobile. Plaintiff alleged that as a result of the negligence of the defendant in the aforesaid respects its truck had been injured to the amount of $653.60, for which amount it prayed judgment.

The defendant filed an answer in which he denied being negligent in any respect, and also a cross-petition in which he alleged, in substance, that the collision had been caused by the negligence of a servant of the plaintiff in driving the truck at an excessive rate of speed and on the wrong side of the road and by his failure to keep a proper lookout for approaching vehicles, and that as a result of such negligence the truck had collided with the automobile which defendant was driving and had caused him serious personal injury to his damage in the sum of $127,000, for which amount he prayed judgment against the plaintiff. Reply to the answer and answer to the cross-petition consisted of a general denial. On motion of the defendant the action was transferred to the district court of Oklahoma county and there tried to a jury.

The evidence upon the issue of negligence adduced at the trial was in direct conflict. The evidence of plaintiff tended to establish the fact that its truck had stopped on the extreme right-hand side of the road when it was run into by the automobile driven by the defendant, and that the collision had been caused by the speed at which defendant was driving in connection with the weather and road conditions prevailing, and that plaintiff was culpable in no respect. The evidence of defendant, on the other hand, tended to establish the fact that the truck of plaintiff was being driven at an excessive rate of speed under the prevailing weather and road conditions and to the left of the center of the highway and that this was the responsible cause of the collision between the two vehicles and to absolve the defendant from any culpability. The jury returned a verdict in favor of plaintiff and assessed its recovery at the sum of one dollar and the costs of the action. No objections or exceptions were filed to the verdict, and judgment was rendered thereon. Motion for new trial was overruled, and defendant has perfected this appeal.

As grounds for reversal of the judgment so rendered the defendant assigns a number of errors which he discusses and presents under the following two propositions, to wit:

"The court erred in giving instruction No. 13, relating to the duty of the driver to have his car under such control as to stop within the assured clear distance ahead, because the assured clear distance ahead rule has no application to daylight accidents occurring between vehicles meeting from opposite directions, and further because there was not such issue raised by the pleadings or evidence of either party.

"The verdict in this case cannot be justified on any hypothesis of the evidence and clearly shows the jury disregarded the evidence, were confused as to the law, and merely arbitrated the matter according to their own theories."

Under the first proposition defendant complains of the following instruction:

"You are further instructed that under the laws of this state, it is required that any person or persons operating or driving any motor vehicle upon any of the highways, shall operate the same in a careful and prudent manner, and at a rate of speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; and it is further provided as a rule of the road that vehicles in meeting each other shall keep to the right of the center of the road.

"You are further instructed that a violation of any of the foregoing rules and statutes constitutes negligence per se, that is, negligence in and of itself. But in this connection you are instructed that before one may be held to respond in damages for an act of negligence per se, it must appear from a preponderance of the evidence that such negligence was the proximate cause of the injury or damage complained of."

The vice in the foregoing instruction is said to consist in the inclusion therein of a portion of the statute (47 O. S. 1941 § 92) which regulates the speed of vehicles upon the highway. The defendant contends that the pleadings and evidence do not justify the application of the statute since the collision involved occurred in the daytime and between vehicles approaching from opposite directions, the defendant urging in this connection that the statute, supra, is intended only to apply to operations conducted in the nighttime and never to vehicles approaching each other from opposite directions. In support of the contention so made defendant cites, Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660; Smith v. Rohl, 190 Okla. 603, 126 P. 2d 61; Kurn v. Jones, 187 Okla. 94, 101 P. 2d 242; Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732; Vammen v. Kinsey, 181 Okla. 92, 72 P. 2d 497; Miller v. Dobbs, 180 Okla. 576, 71 P. 2d 737; Skaggs v. Gypsy Oil Co., 169 Okla. 209, 36 P. 2d 865; Holt v. Thompson, 115 Fed. 2d 1013; Gregory v. Suhr, 224 Iowa, 954, 277 N.W. 721; Jordan v. Schantz, 220 Iowa, 1251, 264 N.W. 259; Zullo v. Detroit Creamery Co., 281 Mich. 678, 275 N.W. 730; Scritchfield v. Kennedy, 103 Fed. 2d 465. An examination of the cited authorities will reveal, however, that they have at most mere incidental application to the contention of the defendant. The plaintiff and defendant alleged in their pleadings that the collision between the truck and the automobile had been proximately caused by failure to obey the statute, supra, relating to the speed of vehicles upon the highway and there was evidence introduced by both parties tending to establish the violation of the statute as the proximate cause of the resulting collision. Under these circumstances, we are of the opinion that the violation of the statute was directly involved in a determination of the proximate cause of the collision, and that therefore an instruction thereon was proper. As said in Townsend v. Cotten, 180 Okla. 128, 68 P. 2d 790:

"It will be noted that our speed statute fixes no definite speed limit, except for such vehicles as are used for transporting passengers for hire, but imposes upon drivers using the highways the duty of driving at a careful and prudent rate of speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other conditions then existing. Whether a driver is guilty of excessive speed depends upon the conditions specified or contemplated in the statute, and is a question of fact for the jury. The driver must necessarily be found guilty of negligence, or negligent driving, before he can be found guilty of violating the statute."

The contention of the defendant that the statute, supra, is applicable only to nighttime driving and not to vehicles approaching each other from opposite directions is not sustained by the authorities cited by the defendant and is contrary to the prior holdings of this court and the Criminal Court of Appeals. See Aydelotte & Young v. Saunders, 182 Okla. 226, 77 P. 2d 50, and Chandler v. State (Okla. Cr.) 146 P. 2d 598.

As said in Aydelotte & Young v. Saunders, supra:

"Operating an automobile on the highway in excess of the rate of speed permitted by law does not of itself create liability. It must be the proximate cause of the injury in order to create liability. 'Excessive speed of an automobile does not lead to liability unless it was the proximate cause of damages.' O'Malley v. Eagan, 43 Wyo. 233, 2 P. 2d 1063.

"Speed, considered by itself, cannot be said to have necessarily contributed to a given accident. But it may be a contributing cause. Under certain conditions it may be in some cases the proximate cause.

"In many, perhaps a majority of automobile accidents, unlawful speed is, or may reasonably be said to be a contributing cause."

In the case at bar the evidence upon the material issue being in conflict, and being such that the jury could infer

therefrom that a violation of the statute by either plaintiff or defendant was the proximate cause of the collision and the resulting injury to the respective parties, an instruction thereon was proper as being one upon the legal and tenable theories of both parties. The contention of the defendant to the contrary cannot be sustained.

Under the second proposition defendant contends that the verdict cannot be sustained primarily for the reason that it does not adequately compensate the plaintiff for the injury sustained. We agree that there is evidence in the record which would have justified the jury in returning a larger verdict for the plaintiff than it did, but the action was one in tort and to recover unliquidated damages, and therefore one in which a defendant is not at liberty to complain of the inadequacy of the recovery of his adversary. See 39 Am. Jur. 148; Colchensky v. Williamson, 181 Okla. 58, 72 P. 2d 337; Reeves v. Langford, 181 Okla. 192, 72 P. 2d 782. A different situation would have been presented had the plaintiff appealed, and under such situation the cases of Alexander Drug Co. v. Whitaker, 146 Okla. 61, 293 P. 264; Hart Grocery v. Hunt, 175 Okla. 32, 52 P. 66; Maly v. Lamberton, 113 Okla. 168, 240 P. 716, cited and relied upon by defendant, may have some application. Under the record here presented, however, they are wholly inapplicable. No reversible error has been made to appear.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.