SHEAD v. MANN et al.

No. 32553.   Oct. 14, 1947.

*185 P. 2d 691.*

Alex Cheek, James C. Cheek and Cheek, Chambers, Cheek & Cheek, all of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error Joe D. Mann, Jr.

GIBSON, J.   This action is for damages for personal injuries received in a collision between an automobile and a bus.  Defendant in error Joe D. Mann, Jr., plaintiff below, was a passenger in the automobile, and the defendants in the action were Robert Shead, plaintiff in error, who was driving the automobile, and Elzie Cartwright and Joseph Henry Ellis, of defendants in error, who were owner and driver of the bus, respectively.  The trial resulted in a judgment for Mann in the sum of $5,000 against Shead and Ellis.  The verdict was in favor of defendant Cartwright, owner of the bus, and no appeal is prosecuted from the judgment in his favor.  No appeal was taken by Ellis. The appeal is prosecuted by Shead only and hence the issue involved is the liability of Shead, driver of the automobile, to Mann, passenger therein.

The accident occurred on Douglas boulevard, which runs north and south, and opposite an entrance into the Douglas Aircraft Plant, about ten miles east of Oklahoma City.  At the time of the accident the automobile was going south, headed for a point a mile beyond said entrance and the bus, coming from the south, was in the act of turning to enter said entrance.

The grounds of negligence alleged are that Shead in operating the car failed to keep proper lookout for other vehicles at the time of the collision; was operating the car at an excessive rate of speed and could not stop the vehicle in the safe sure distance ahead.  It is alleged that such negligence concurred and combined with that of Ellis, driver of the bus, in not keeping a lookout and in turning to the left in the path of the automobile instead of passing to the right thereof.

In addition to a general denial Shead pleaded that the accident was unavoidable upon his part and arose by reason of Ellis suddenly swerving the bus to the left directly in front of the automobile, going in opposite direction, thus creating a sudden emergency which could not be avoided.  It is further alleged that plaintiff was riding as guest and had equal opportunity of observa-

tion, and that if defendant was negligent plaintiff, who failed to warn defendant, was equally negligent and that same contributed to the accident. The issues thus made were submitted to the jury under instructions of the court, resulting in the verdict and judgment hereinbefore mentioned.

The errors assigned may be grouped for consideration as follows:

(1) Error of court in overruling defendant's demurrer to plaintiff's evidence and in failing to peremptorily instruct the jury to return a verdict for defendant.

(2) Error of court in refusing to give requested instructions.

(3) Error in not ruling that the verdict was excessive.

The car driven by Shead was enroute from Oklahoma City to the Douglas Plant. In the car there were four others, including the plaintiff Mann. All of the occupants worked at the plant and the car was operated on what is termed a government arranged share-a-ride plan under which the operator of the car enjoyed certain concessions with reference to getting gasoline, and the other occupants were to pay the operator a stipulated amount weekly. The occupants were due to be present for the work shift which began at 7:00 a.m., and the accident occurred some 10 or 15 minutes before that time. The boulevard is a four-lane way. The entrance to the plant facing east on the boulevard is a two-way entrance and between the ways is a guardhouse. Cars entering the plant pass north thereof and those leaving use the south way. Opposite the entrance and extending eastward is a country road, and the area of the boulevard between the road to the east and the entrance to the plant on the west represents the intersection on or near which the accident occurred. About 1,900 cars and buses carrying workers for the 7:00 a.m. shifts entered the plant through

this and other entrances. The morning was dark and misty and cars and their movements could be distinguished only by their lights. The evidence is conflicting, but there is evidence to the effect that the bus proceeding north on the east lane of the east side of the road, when about 100 feet from the intersection, bore into the lane next to center of the road and thereafter was in the act of crossing the center line in making a lefthand turn when the collision occurred; that the cars and their movements were visible each to the other when 150 or 200 feet apart; that the driver of the bus signaled for a lefthand turn and was driving not to exceed 10 miles per hour when making the turn. The automobile was proceeding south in the lane next to and immediately west of the center line. Shead testified he was not sure of his rate of speed but thought it to be about 40 miles per hour and at the rate of speed of the other traffic. Others testified that the speed was from 50 to 55 miles per hour and that he passed a car going in the same direction when nearing the intersection, which is not denied. There was no slowing down of speed nor change in the car's course.

Attacking the action of the court in overruling the demurrer to the evidence and the motion for directed verdict, it is urged that Shead while driving on the right side of the road was not bound to be on the watch or lookout for cars leaving their proper side and going on the wrong side. Also, that while so driving he, on seeing the bus approaching from the opposite direction on its proper side, was not required to anticipate the bus would suddenly without warning cross over to the other side, and that when the situation arose, there being only a few seconds in which to decide what to do, he could not be deemed negligent as a matter of law in not doing something to avoid the collision. It is also urged on authority of Knox v. Loose-Wiles Biscuit Co., 194 Okla. 611, 154 P. 2d 59, and other cases, that an excessive rate of speed does not

of itself create liability unless it was the proximate cause of the injury.

The underlying principle of the doctrine invoked is that the speed of the automobile though excessive was not a proximate cause of the accident because the creation of the emergency was due solely to the bus wrongfully entering the path of the automobile when there was no duty to anticipate such entry nor opportunity on discovery thereof to avoid the accident. However applicable the rule might be, where cars approach each other on lanes of traffic unbroken by intersections and the cars are confined to their respective lanes of travel, it has no application where as here the lanes of travel are broken by an intersection which is subject to the use of both. In such situation there devolves on both the duty to anticipate the exercise of the respective rights and to so govern the speed as to give proper respect thereto.

That an excessive rate of speed may be instrumental in creating an emergency was expressly held in All American Bus Lines et al. v. Saxon, 197 Okla. 395, 172 P. 2d 424, 430. And that same is particularly true when applicable to traffic at intersections is manifest where the speed does so contribute to creation of the position of peril, the fact that the driver of opposing car was also in the wrong and liable can afford the driver of the speeding car no escape from liability to his passenger where same otherwise obtains. Ironside v. Ironside, 188 Okla. 267, 108 P. 2d 157.

There was ample evidence to present the issue and same was properly submitted to the jury.

Error is assigned on the refusal of the court to give each of 11 requested instructions. After such refusal the court of its own motion gave 28 instructions, to none of which defendant noted an exception. In absence of fundamental error appearing on the face of the instructions given, the failure to except thereto constituted a waiver of error notwithstanding the requested instructions may have been correct. National Tank Co. v. Scott, 191 Okla. 613, 130 P. 2d 316.

We have examined the requested instructions, and those given by the court, and find that each phase of the issues presented in the requested instructions is covered by instructions of the court directed thereto. In support of the assignment that the verdict was excessive defendant cites no authorities. He seeks to minimize the effect of the injury and declares that the verdict should be reduced to conform to the evidence but suggests no amount.

The prayer of the petition was for $25,000 for personal injury and $500 for cost of hospitalization and continuing expense.

The evidence concerning the nature and extent of the injuries, the probable results thereof and other material matters, is definite and clear and sufficient to support the verdict. There is no evidence that the jury in reaching the verdict was actuated by passion or prejudice. In such situation the assessment of the amount of the damage was within the jury's province and will not be disturbed on appeal. Waters-Pierce Oil Co. v. Deselms, 18 Okla. 107 89 P. 212; Henryetta Coal & Mining Co. v. O'Hara, 50 Okla. 159, 150 P. 1114; Sand Springs Park v. Schrader, 82 Okla. 244, 198 P. 983, 22 A.L.R. 593; Brown v. McNair, 125 Okla. 144, 256 P. 903.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.