OKLAHOMA RY. CO. v. FLORES.

No. 33751.  June 6, 1950.

*219 P. 2d 206.*

Richardson, Shartel, Cochran & Pruet and F. M. Dudley, all of Oklahoma City, for plaintiff in error.

Howard M. Boyer and Ben LaFon, both of Oklahoma City, for defendant in error.

LUTTRELL, J.  This is an action for damages for personal injuries, brought by Eugene O. Flores against Oklahoma Railway Company.  The trial court overruled defendant's demurrer to plaintiff's evidence, its motion for directed verdict at the close of all the evidence, and submitted the cause to a jury, which returned a verdict for plaintiff.  Defendant appeals from the judgment rendered on the verdict.

Defendant in this court contends that the trial court erred (1) in overruling its demurrer to the plaintiff's evidence, and (2) in overruling its motion for directed verdict and submitting the cause to the jury.  From the record it appears that after its demurrer to plaintiff's evidence was overruled, de-fendant produced evidence in its own behalf.  We have many times held that a defendant who does not stand on his demurrer to plaintiff's evidence, but puts on evidence in his own behalf after the demurrer has been overruled, waives the demurrer and may not urge it as error in this court.  Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. 2d 121, and cases cited in Title 12 O. S. A. §577, subdivision 3, note 19.  Therefore, the only contention submitted for the consideration of the court is whether the trial court erred in overruling defendant's motion for directed verdict.  Determination of this contention requires a brief analysis of the evidence.

From the record it appears that the injuries received by plaintiff were due to the collision of an automobile driven by one Gourley, which collided with one of defendant's busses at the intersection of a road leading from Tinker Air Field near Oklahoma City with Douglas Boulevard, which is a four lane highway 48 feet wide running north and south past Tinker Field.  The only negligence alleged in plaintiff's petition was that defendant's employee negligently and carelessly drove the bus suddenly and without any warning from a place where the bus was stopped into the traffic lane in which plaintiff was traveling when he knew, or should have known, that it was impossible for the driver of the automobile to stop his automobile and avoid the accident.

Plaintiff and three other men were passengers in Gourley's car at the time of the collision, which was about 3 o'clock on the afternoon of November 5, 1946.  On that afternoon the car driven by Gourley had left Tinker Field at an entrance approximately one mile north of the point of collision, and was proceeding south on the west or right hand side of Douglas Boulevard.  Plaintiff was riding in the front seat of the car with Gourley.  He testified that Gourley was driving his car at a speed of approximately 30 miles per hour, and was in the inside west lane, or the lane nearest to the center stripe,

at the time of the collision. He further testified that as they approached the intersection at which the collision occurred, he observed the bus of defendant standing at or near a small guardhouse in the road leading into Tinker Field, the bus being some 81 feet west of the west edge of the pavement on Douglas Boulevard; that the bus driver started from this point and proceeded upon and across the highway to the point where it was struck by Gourley's car; that at the time the bus started from this point 81 feet from the pavement, Gourley's car was some 200 feet north of the intersection, and was proceeding south at a rate of approximately 30 miles per hour; that Gourley made no effort to slacken the speed of his car, or to avoid the collision, and that as a result of the collision plaintiff was badly injured. Plaintiff testified that he was unable to say at what rate of speed the bus was traveling from the time it left the point near the guardhouse until the collision occurred.

This was substantially all the evidence produced by plaintiff. He produced as a witness another rider in the car, who was sitting in the back seat, who testified that he did not see the bus until immediately before the collision. He also produced a highway patrolman, but his testimony was vague and uncertain, as he testified that he did not remember many details of the accident, since he had put them on his accident report, and apparently did not have that report with him.

Defendant produced several witnesses, who, like plaintiff, were employed at Tinker Field, and were passengers on the bus at the time of the collision, and also produced the driver of the bus, who was not employed by defendant at the time the case was tried. All these witnesses testified that after the bus left the point at the guardhouse where it was first seen by plaintiff, it proceeded to a point some ten or fifteen feet west of the pavement on Douglas Boulevard and stopped again, waiting for the traffic to clear so that the bus could proceed across

the intersection with safety. These witnesses testified that when the bus was well into the intersection, so that the front end was at or near the center line of Douglas Boulevard, they observed the car driven by Gourley at some distance north of the intersection, the witnesses estimating the distance at from 100 feet to 300 feet. They estimated the speed of the bus at and prior to the time of the collision as being approximately ten miles per hour, and the speed of Gourley's car at from 35 to 40 miles per hour. All testified that Gourley made no effort to slacken his speed or to avoid the collision. The bus driver testified that when he entered the intersection he saw another car some distance north of the intersection, and that when he was well into the intersection he saw the Gourley car pass the other car, traveling at a speed of some 40 miles per hour, and that when it passed the other car it was, in his judgment, some 100 yards north of the bus; that he was making his turn into the east traffic lanes of Douglas Boulevard at the time the bus was struck by the Gourley car, and that Gourley did not slacken his speed or make any effort to avoid the collision. He estimated the speed of the bus from the time it entered the intersection at between five and ten miles per hour, stating that he could not have been going any faster in that distance. All this testimony was undisputed save by the testimony of the plaintiff as above set forth.

Consideration of the evidence convinces us that no negligence on the part of the bus company was shown, and that its motion for directed verdict should have been sustained. When the testimony of plaintiff is analyzed it is clear that if the Gourley car, traveling at the rate of 30 miles per hour, was 200 feet from the intersection when the bus left a point 81 feet west of Douglas Boulevard and proceeded across the intersection at the rate of ten miles per hour, Gourley's car would have been past the intersection at the time the bus reached Douglas Boulevard. At 30

miles per hour Gourley's car would have traveled approximately 45 feet per second, and in five seconds would have been past the point of collision, while the bus, proceeding at a speed of ten miles per hour, would have traveled at approximately fifteen feet per second, and would have required seven seconds to go from the point 81 feet west of Douglas Boulevard to the point of collision. Furthermore, the bus, which approached the intersection from the right-hand side, had the right of way, and from all the testimony was well into the intersection at a time when the Gourley car was far enough away to have enabled Gourley, with the exercise of reasonable care and caution, to slacken his speed, or turn into the extreme right-hand lane of traffic, and avoid the collision. The bus driver had no reason to anticipate that Gourley would not make some effort to slacken his speed or avoid the collision, and was not bound to anticipate the reckless disregard by Gourley of all care and caution in the driving of his automobile, or his disregard of the rights of another vehicle already in the intersection when he approached it. We hold that the evidence is wholly insufficient to establish any negligence on the part of defendant or its driver.

In Earl v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okla. 100, 101 P. 2d 249, we said:

"It is well settled that where there is no evidence reasonably tending to show that the defendant was guilty of negligence it is error for the trial court to submit that issue to the jury," citing numerous authorities.

The cases cited and relied upon by plaintiff, such as Shead v. Mann, 199 Okla. 275, 185 P. 2d 691, and Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660, are cases where there was some evidence tending to show negligence on the part of the defendant, and that question was properly submitted to the jury. In the instant case, as pointed out above, there is no evidence of negligence on the part of the defendant.

Reversed, with directions to render judgment for defendant.

DAVISON, C. J., ARNOLD, V. C. J., and GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.