NORTH AMERICAN ACCIDENT INSUR-
ANCE COMPANY, a Corporation,
Plaintiff in Error,

v.

Manton RALLS, Executor of the Estate of
Lela Mae Ralls, Deceased, Defendant
in Error.

No. 36675.

Supreme Court of Oklahoma.

Oct. 18, 1955.

As Amended Oct. 19, 1955.

1098

Lytle, Johnston & Soule, Oklahoma City, for plaintiff in error.

DeBois & DeBois, Duncan, for defendant in error.

BLACKBIRD, Justice.

In 1950 plaintiff in error hereinafter referred to both as "the Company" and as "defendant" entered into an arrangement whereby it commenced furnishing employees of the Oklahoma Tax Commission with group insurance of two types, one was life and the other health and accident. Under the terms of said arrangement, any such employee could, within 60 days of the date his employment commenced, apply for either type of such insurance, and, as to the life insurance, no prior medical examination was required. Under said arrangement, each insured received an individual policy, rather than just a certificate under one master policy covering the whole group, and could pay the premiums coming due thereon, either directly to the company, or, under what was termed a "Group Billing" arrangement, he could in advance of the date it was to become effective, execute a document called a "payroll deduction authorization", and such premiums would then be deducted from the salary due him by the Tax Commission and a body within said Commission, called the "Employees' Insurance Committee", would then forward each month a sufficient sum to the company to cover the premium on his policy for the ensuing month, together with such premiums then due and payable on the policies of the other members of his group.

John A. Ralls became an employee of said Tax Commission on October 1, 1952, and on the 10th of that month executed an application to the company through its soliciting agent, Houston W. Gray, for one of its group health and accident policies above referred to. Four days later, or on October 14th, Ralls also applied for one of the Company's group life insurance policies in the amount of $1,000. Mr. Gray accepted a cash payment from Mr. Ralls for the first monthly premium in the amount of $2.97 on said life policy and gave Mr. Ralls a receipt in words and figures as follows:

"10–14–52
Recd from John A. Ralls
$2.97 Oct Premium for
new $1000.00 5 yr term policy
effective Oct 1 1952—
Houston W Gray
Life Supervisor."

Twelve days later, or on October 26, 1952, Mr. Ralls died of a heart attack without ever having received such a policy from the company; and, after the above receipt was found among said testator's personal effects, efforts were commenced to collect the amount of insurance specified therein, which being unsuccessful, evolved into the present action. Before it was tried, Lela Mae Ralls, who was to have been the beneficiary of the proceeds of said policy, died, and the executor of her estate was substituted for the executor of Mr. Ralls' estate, as plaintiff in the action. The executor, hereinafter referred to as plaintiff, alleged one cause of action on contract as if the Company, hereinafter referred to as defendant, had issued the policy, and another in tort for damages in the sum of $1,000 for defendant's alleged negligent failure to issue the policy within a reasonable time. Before trial, the court re-

quired him to elect on which of his alleged causes of action he would proceed to trial, and he elected the latter.

Defendant maintained that the policy was not to become effective until November 1st, and therefore that as Ralls' death occurred 5 days previously, without the policy having been issued, it could not be liable (on either theory). The court instructed the jury that plaintiff could not recover unless it found that the insurance for which Ralls applied and paid the initial premium was a policy to be effective October 1, instead of November 1, 1952; and defendant had failed to act upon said application an unreasonable length of time. Thereafter the jury returned a verdict for plaintiff in the amount of $1000, and, after entry of a judgment in accord therewith, the defendant company perfected the present appeal.

■ No sample or duplicate of the type of insurance contract involved herein was ever introduced in evidence, but the defendant conceded that if Ralls had died subsequent to November 1, 1952, the date it contends the policy was to become effective, it would have been liable to plaintiff in the amount of the judgment. Accordingly, defendant concentrated its efforts on attempting to establish that the policy was not to become effective until that date, rather than a month previously as indicated on the above-described receipt Ralls received from defendant's agent, Mr. Gray. Apparently, under the theory of both parties, plaintiff would have no cause of action for defendant's failure, prior to Ralls' death, to accept his application and/or issue the policy if said policy was not to become effective until November 1, 1952. Accordingly, we cannot agree with defendant's contention under its Proposition III dealing with certain alleged errors of the court in allowing the admission of evidence, in permitting counsel to make certain statements before the jury, and in giving Instruction No. 7 (all of which pertain to that issue) that the effect of plaintiff's election, hereinbefore mentioned, to try his case on the theory of negligent delay, was to eliminate from the trial the issue of whether the policy Ralls applied for was to become ef-

fective October 1st, rather than November 1st. We think the effective date of the policy contemplated in such contract was a very crucial issue in the case. It therefore follows that all of the alleged errors argued under defendant's Proposition III, based, as they are, upon the theory that said question was not properly triable as an issue in the case, are without merit.

Defendant's Propositions I and II deal with the trial court's alleged errors in overruling its demurrer to plaintiff's evidence, and its motion for a directed verdict on account of the failure of the evidence (at which these pleadings were directed) to establish the requisite delay in defendant's action on Ralls' application.

■ One argument under these propositions is that in his case in chief, plaintiff introduced no evidence on the issue of unreasonable delay except testimony pertaining to the length of time required for the necessary papers in connection with an application like Mr. Ralls' to go by mail from Oklahoma City to Chicago, the location of defendant's home office. Assuming, but not accepting the truth of this assertion, it furnished no ground for reversing the judgment, for, since defendant did not stand on its demurrer to plaintiff's evidence, but thereafter proceeded to introduce its own evidence, it waived said demurrer, and is now precluded from urging the insufficiency of the evidence introduced up to that point. Our review cannot now be restricted merely to the evidence introduced before defendant's demurrer. The only question now before this Court is the correctness of the trial court's overruling of defendant's motion for a directed verdict, and for the purpose of resolving it, we must consider the evidence as a whole, and include in our review, the evidence introduced after defendant's demurrer, as well as that introduced before it. In this connection see Oklahoma Ry. Co. v. Flores, 203 Okl. 171, 219 P.2d 206; Atchison, T. & S. F. R. Co. v. Perryman, 200 Okl. 266, 192 P.2d 670; Butler v. Civic Gas Co., 199 Okl. 597, 188 P.2d 843.

■ Attempting to establish that Ralls could have had no contract with it to in-

sure his life beginning October 1, 1952, defendant introduced evidence contemplated to show that Mr. Gray had no authority to undertake, on its behalf, the issuance of a policy effective then, which, as will be noted, was several days previous to Gray's contact with Ralls and to Ralls' application and payment of the initial premium. Defendant also introduced evidence, including the testimony of Mr. Gray himself, to show that the indications in the receipt that the policy was to be effective in October were inadvertent errors on his part, and that it was never intended that such policy should be effective October 1, 1952. Defendant also calls our attention to a statement printed on the payroll deduction authorization card signed by Ralls, reading as follows:

"I understand that any change or cancellation must be filed by the 10th of the current month to be effective on the 1st day of the following month."

Defense counsel project the quoted statement as a basis for their argument to the effect that it was not possible, under the rules and regulations governing the matter, for the insurance contract Ralls purchased to have become effective before November 1st. We agree with counsel for plaintiff that the statement quoted from the payroll deduction authorization constitutes no unequivocal proof that Ralls and agent Gray did not agree that the policy should be effective retroactively to October 1st, as indicated by the receipt in evidence, in view of the fact that the quoted statement does not say so, and in view of the absence of proof that the phrase "change or cancellation" contained therein was ever intended to apply to the writing of new policies rather than to a "change or cancellation" in the payroll deduction authorization. The jury evidently concluded from the evidence as a whole that the written receipt, made at the time Gray accepted (on behalf of his company) Ralls' payment of the initial premium, spoke the truth with reference to their agreement, rather than Gray's statements from the witness stand; or that, under the court's instructions, if Gray's writing on the receipt, of words indicating the policy was to be effective in October

was an unintentional error on his part, then his company was responsible therefor. If the verdict was based upon the latter conclusion, it is not contrary to our previous decisions relative to such matters. See, for instance, Travelers Ins. Co. v. Taliaferro, 176 Okl. 242, 54 P.2d 1069; Columbia Nat. Life Ins. Co. v. Lemmons, 96 Okl. 228, 222 P. 255; Security Ins. Co. of New Haven, Conn. v. Cameron, 85 Okl. 171, 205 P. 151, 27 A.L.R. 444. Defense counsel says that analysis of the latter case shows that "the negligent delay theory" is limited to those classes of cases where there is a previous understanding that the application is to be binding *unless* there is notice of rejection. Assuming, without deciding, the truth of this statement, we think that the present case, where there was evidence from which the jury could find that, according to Ralls' agreement with the defendant's agent (whose knowledge concerning the matter must be imputed to his principal) the policy was to be effective retroactively and no medical examination was necessary, nor anything else required to be done by applicant as a prerequisite to its becoming effective, is one of the class of cases in which it is the duty of the insurance company to take prompt action on the application and to promptly notify the applicant if his application is rejected. In this connection see St. Paul Fire & Marine Ins. Co. v. Creach, 199 Okl. 372, 186 P.2d 641, and other cases cited in the Annotations at 32 A.L.R.2d 487. Under the cases above cited, the insurance company is liable if the applicant suffers damages as a result of such failure.

In view of the foregoing, and after a thorough examination of the evidence as a whole, we cannot say that under the rule governing such matters, Hamil v. Joyner, 103 Okl. 216, 229 P. 768, the trial court erred in overruling defendant's motion for a directed verdict. And, having found none of the alleged errors complained of by defendant sufficient ground for reversal, we must affirm the trial court's judgment. It is so ordered.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and JACKSON, JJ., concur.

HALLEY, J., dissents.