Horace R. IVEY and Mrs. Horace R. Ivey, Plaintiffs in Error,

v.

Earl STEWART, Sole Trader, d/b/a Home Furnace Company, Defendant in Error.

No. 36951.

Supreme Court of Oklahoma.

March 6, 1956.

Rehearing Denied April 10, 1956.

I. D. Mosely, Robert W. Raynolds, Tulsa, for plaintiffs in error.

E. D. Brewer, Tulsa, for defendant in error.

PER CURIAM.

The defendant in error, as plaintiff, brought this action in the Court of Common Pleas, Tulsa County, to recover the contract price of a furnace installed in the

home of defendants who are plaintiffs in error on this appeal. We shall refer to the parties as they appeared in the trial court.

The contract price agreed on was in the sum of $450; the furnace was delivered and installed and invoiced in plaintiff's accounts under the date of January 3, 1953. Plaintiff filed suit on February 18, 1954.

By answer defendants denied that they were indebted to plaintiff in any sum by reason of plaintiff's fraudulent representations, inducing them to enter the contract.

The cause proceeded to trial before the court and a jury. Defendants' demurrer to plaintiff's evidence was overruled and at the close of all of the evidence on both sides the court directed a verdict for plaintiff for $450 plus interest.

Defendants reduce their assignments of error to two propositions alleging error in overruling their demurrer to plaintiff's evidence and in directing a verdict for plaintiff.

Defendants contend that the directed verdict was erroneous on the ground of fraud.

There was no material variance in the evidence outlining the situation from which the controversy arises as related by the witnesses. At the request of defendants a representative of plaintiff, during the fall of 1952, inspected a furnace then installed in a house defendants planned to purchase. The representative reported to defendants that the furnace was in good condition and suitable for defendants' purposes. In December of 1952, defendants, at that time owner of the house requested plaintiff to clean and regulate the furnace. Plaintiff responded and dismantled the furnace for a thorough examination of the heating portion to investigate the extent of holes found therein. Plaintiff had defendants view the furnace as so dismantled and advised that it was unfit for use.

Plaintiff's evidence as to the condition of the furnace was fully supported by the evidence and defendants offered no testimony that it was otherwise.

Under this situation the parties negotiated the sale which is the basis of this action. The furnace sold was a used one, so represented by plaintiff, and according to defendants' evidence represented to be an "A-1 first class furnace." Defendants offered no evidence that the furnace purchased was other than represented.

There is no evidence in the record from which it can be said that defendants suffered any damage.

Defendants did not seek rescission of the sales contract in accordance with the provisions of 15 O.S.1951 § 235, requiring prompt rescission and restoration. Having waived a choice of rescission as one of two sources of relief open to them in seeking to avoid payment of the purchase price on the ground of fraud, they must depend on affirmance and claim for damages by reason of the alleged fraud. See Holcomb & Hoke Mfg. Co. of Indianapolis, Ind., v. Jones, 102 Okl. 175, 228 P. 968, and cases therein cited. In that case we stated that no matter how fraudulent the conduct of the seller may have been, if it occasioned no loss or damage to the purchaser, he can recover nothing as damages. It was our further conclusion that when no damages could be properly found to exist the defendant had wholly failed to establish either a defense or a cause of action on the theory of affirmance and claim for damages for fraud.

Defendant also contends that the amount was not verified; no proof of it was made; it was not offered in evidence, and for that reason their demurrer should have been sustained. We find no merit in this contention. They did not stand on the demurrer to plaintiff's evidence and produced evidence reflecting the purchase at the agreed price. By such action the demurrer was waived and defendants precluded themselves from urging the insufficiency of the evidence up to that point. North American Accident Ins. Co. v. Ralls, Okl., 288 P.2d 1097; Oklahoma Ry. Co. v. Flores, 203 Okl. 171, 219 P.2d 206.

It follows that defendants in this case failed to establish a legal defense and there was no error in directing a verdict for plaintiff. Barnes v. Central State Bank, 207 Okl. 399, 250 P.2d 21.

On motion of defendant in error, included in his brief, judgment is here rendered in his favor against the sureties on the supersedeas bond on file herein, for the sum of $450 with interest from January 19, 1955 at six per cent per annum and costs, such judgment on the supersedeas bond to be entered and enforced by the trial court, as if there rendered.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Crawford and approved by Commissioners Reed and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.