LEAL v. BLACKWELL.

No. 33541. May 17, 1949.

*206 P. 2d 199.*

Williams & Williams, of Ardmore, and Cedric G. Hamlin, of Dallas, Tex., for plaintiff in error.

McClelland, Kneeland, Bailey & McClelland and Savage, Gibson & Benefield, all of Oklahoma City, for defendant in error.

CORN, J. Plaintiff, resident of Hamilton, Tex., brought this action to recover possession of two caterpillar

graders and to collect $3,525 unpaid rents thereon.

Plaintiff alleged that about August 8, 1946, pursuant to an oral agreement, he leased and delivered the two graders to defendant for $750 per month. Further, that the agreement provided an option for defendant to purchase the machines for $7,000, plus interest from the date of the agreement, on or before November 8, 1946, and, if defendant exercised the option all sums paid as rent applied upon the purchase price; upon failure to purchase or pay rent the machines were to be returned to plaintiff at his residence. Defendant neither exercised the option nor paid all the rentals between August 8, 1946, and April 8, 1947, but owed $3,525. Demand was made for return of the machines and payment of past-due rentals, which was refused, and for further rent until defendant surrendered possession of the machines. Affidavit and bond for replevin were filed and possession of the machines was taken by plaintiff.

By answer defendant admitted renting the machines, but denied the agreement as alleged, or that the purchase option was upon the terms claimed by plaintiff. Defendant alleged the rental was under a purchase option agreement to purchase at $7,000, the $750 per month rent to be applied upon purchase price at defendant's option; that about May 20, 1947, defendant tendered the balance of the purchase price, which plaintiff refused, and that such tender was kept in force and renewed at the time of trial.

The reply was a general denial of the allegations of defendant's answer. The matter proceeded to trial before a jury upon the issues raised, and resulted in a verdict for plaintiff for possession of the machinery, and recovery of past-due rentals amounting to $3,525.

The evidence established that in August 1946, pursuant to negotiations instituted by defendant's agent, Sam Leal, plaintiff entered into an oral agreement to deliver the two machines to defendant's job in this state, under a rental agreement with an option to purchase. Plaintiff's testimony established that the rental of $750 per month was to be applied upon the $7,000 purchase price if exercised by defendant within three months, plus 8% interest from date of the agreement to the time the option was to be exercised. Defendant was in arrears in rent practically from inception of the agreement. In September 1946, plaintiff received the following written request, upon defendant's letter head:

"August 30, 1946
"E. Blackwell,
    "P. O. Box 855
    "Hamilton, Texas
"Dear Sir:
    "Please send invoice in triplicate covering the two #212 Caterpillar Motor Graders we have rented on purchase option, stating the purchase price, and serial numbers.

    "Please send the above by return mail as we must have it immediately.
                "Yours very truly,
                "Plains Construction Company
                "(Sgd) Sam Leal
"SL:ds
                        GB
                "Sam Leal"

In response to this request plaintiff testified that he furnished defendant a typed copy of a statement or invoice, bearing the following notation:

"8-8-46 Rent or purchase two Cat. #212 Motor-graders Ser. 1R519 and 1R831 at $750.00 per mo. in adv. on option to purchase at $7000.00 less any rent paid plus interest at 8% from 8-8-46 to date of final payment which must not be later than 11-8-46.
                "E. Blackwell."

Beginning as early as September 17, 1946, the plaintiff carried on constant negotiations with defendant seeking to collect the past-due rentals. Several vouchers showing payment of "rentals" by defendant were introduced in evidence. It is interesting to note that prior to November 8, 1946, all checks were drawn for "rental to apply on purchase option," while after this date pay-

ments were designated "rentals." In December, the plaintiff advised defendant's agent the purchase option had expired and the machines were with defendant on strictly a rental basis, but plaintiff agreed to permit defendant to retain the machines if the arrears in rent were paid up at once. In May 1947, defendant's agent (Sam Leal) advised plaintiff they intended to exercise the purchase option. Plaintiff then told defendant they had forfeited any rights under the purchase option and this action resulted.

Defendant was represented at all times in this matter by Sam Leal. He testified that upon learning these machines were for rent, he entered into negotiations with plaintiff which resulted in the rental agreement. His testimony was that the deal was made upon a rental basis, with an option to purchase. He also testified that he told plaintiff they would guarantee three months' rental, and if the machines were suitable and not returned within that time defendant would take them. It is to be noted that this testimony is in direct opposition to the allegations of the answer wherein defendant specifically denied the option was to be exercised within three months' time.

The pleadings and evidence establish that the parties were in complete agreement as to the contract, and understood it to be a month to month lease with rentals payable in advance and no minimum term. The only real disagreement is upon the question whether the time within which the purchase option was to be exercised was limited to three months; or whether, as urged by defendant, there was no time limit upon the option and defendant could exercise same at any time, applying the rentals paid upon the purchase price.

The issues were submitted to the jury under instructions from the trial court and the jury found the issues in favor of plaintiff. Judgment was rendered upon the verdict for plaintiff to have possession of the machines and to recover the rentals for the period defendant had retained the property. No contention is made upon the sufficiency of the evidence to support the jury's finding, nor as to the trial court's instructions upon which such verdict is based.

Defendant urges four propositions in seeking reversal of this judgment. The first two propositions are as follows:

"(1) A contract to lease personal property, coupled with an option to purchase, is a conditional sale. This is especially true where the rentals agreed to be paid will pay the full purchase price within less than one year.

"(2) A forfeiture of the Buyer's Rights under a conditional sale contract does not occur by operation of law upon his default, but in order to put an end to the contract and forfeit the Buyer's Rights thereunder, it is indispensable that the seller should do some specific act such as a demand for performance or possession of the property and so long as the buyer is permitted to retain the property he may pay the balance due at any time and divest the seller of title."

Upon the basis of the record defendant urges the only dispute is whether, having elected to purchase, by retention of the machines after November 8, 1946, defendant was bound to pay the entire balance due, or whether defendant should pay $750 per month, plus interest, until the $7,000 was paid, thus taking ten months to fulfill the contract. It is defendant's argument that plaintiff delivered the machines at an agreed price and the payments were designated "rent", to be applied upon the purchase price but with plaintiff having the right to re-take the property upon default by defendant.

Defendant next contends that an unexecuted memorandum purporting to set forth the terms of an oral contract is incompetent, and that it was error to admit such memorandum in evidence. The testimony established that the machines were delivered upon the basis of the oral contract between the parties but defendant failed to make payments as agreed. Upon request for payment plaintiff was advised that a

statement would have to be furnished before a check in payment could be given. The plaintiff testified that Leal agreed that it would be sufficient to set out the terms of the agreement on the invoice. Plaintiff also received a letter requesting a statement of the agreement. This was furnished at defendant's request, and defendant makes no contention that it was not received.

Plaintiff testified positively that the record, bearing the notation concerning the terms of the contract, was his original record of the transaction and that the typed copy furnished to defendant was a copy of this original. Admittedly the rule is that a memorandum may not be introduced as independent proof of the facts reflected therein. See Hodges v. Reynolds, 170 Okla. 345, 40 P. 2d 1025. However, the testimony established conclusively that the statement in question was not a mere memorandum, but was plaintiff's original record of this transaction, prepared in this manner because plaintiff did not have available the usual rental and purchase option forms. Under these circumstances the rule relied upon by defendant as making the evidence in question inadmissible because only a memorandum of the transaction is inapplicable. See 20 Am. Jur., Evidence, §1043 et seq.

It is last contended by defendant that the court erred in admitting incompetent testimony. The basis of this contention is that the trial court permitted two witnesses to testify that they overheard plaintiff engage in certain long distance telephone conversations relative to plaintiff's deal to rent the machines in question.

One witness (Ed Craig) testified he was interested in trying to buy one of the machines, but was advised plaintiff had this deal on. The long distance telephone call reached plaintiff at this witness's place of business and he thus was able to hear plaintiff's end of the conversation, and so heard plaintiff close the deal and the terms the parties agreed upon.

Defendant also objected to the testimony of one Ganus, whose telephone plaintiff used in making a long distance call to defendant. This witness testified to hearing plaintiff tell defendant the purchase option contract was ended, but that he was willing to continue renting the machines if defendant would get some rent money to plaintiff. This conversation was in December, 1946. The identity of the defendant in this conversation was sufficiently established to warrant admission of this testimony.

Under strict application of the rule announced in Williamson-Halsell-Fraser Co. v. King, 58 Okla. 120, 158 P. 1142, the testimony of the witness Craig might be said to be inadmissible since the witness was unable to identify defendant, an agent or employee, as the other party to the conversation which was overheard. However, the testimony of the witness was only cumulative of matters already testified to, and it is not shown wherein such testimony prejudiced defendant's case. In such instances, unless the complaining party is able to show wherein such evidence was detrimental to his case, admission of such evidence does not warrant reversal. Gilliland v. Snedden, 195 Okla. 601, 159 P. 2d 734; Peoples Finance & Thrift Co. v. Fuller, 196 Okla. 32, 162 P. 2d 189.

The issues raised by the pleadings and evidence were whether the oral agreement of the parties for a lease and purchase option of these machines contained a limitation of time within which such option could be exercised, or whether defendant had the right to retain the machines and seek to exercise the purchase option at any time defendant saw fit to do so.

Plaintiff's testimony was positive that the purchase option expired November 8, 1946, and that defendant never made any mention of exercising the option, and that after the option period expired he told defendant this, but agreed to continue renting the machines if defendant would pay up the rent. Opposed

to this was defendant's testimony that the agreement was to rent the machines for a minimum of three months, and if not returned to plaintiff within that time defendant was to be considered as having taken the machines, for which they would continue to pay the agreed monthly rental, plus interest, until the purchase price was discharged. The evidence was in conflict, but the jury's verdict conclusively settled the question of the meaning of their agreement in favor of plaintiff, and such finding is not to be disturbed on appeal.

Judgment affirmed.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.