## FLETCHER et al. v. MILLWARD.

No. 34324.  Feb. 20, 1951.

*228 P. 2d 370.*

Melton, McElroy & Vaughn, Chickasha, for plaintiffs in error.

Paul F. Showalter, Oklahoma City, and Allen & Pain, Chickasha, for defendant in error.

DAVISON, J. H. F. Millward brought this action in the district court of Grady county against the defendants, Hosea Fletcher, doing business as the Fletcher Funeral Home, and Everett Clifford Davis, to recover damages for personal injuries and damages to his automobile. The trial resulted in a verdict for the plaintiff and against the defendants in the sum of $1,000. The defend-

ants have appealed. The parties will be referred to as they appeared in the trial court.

The plaintiff alleged a collision of plaintiff's automobile with a car owned by defendant Hosea Fletcher, and driven by defendant Everett Clifford Davis, as an employee of defendant Fletcher, in which defendants' car, struck plaintiff's vehicle from the rear, knocking it into a ditch, and that defendants were guilty of negligence in operating said vehicle at an excessive rate of speed, in approaching a bridge on a curve without slowing, in attempting to pass plaintiff's car on such approach, and in so operating their vehicle as not to be able to stop within the assured clear distance ahead; that plaintiff was driving his car with due care and without negligence on his part.

The defendants filed their answer and cross-petition denying plaintiff's allegations, and alleged that the accident and resulting injuries were caused by plaintiff's negligence in that plaintiff stopped his car suddenly, and without warning, in front of defendants' vehicle, and that by reason thereof defendant could not avoid striking plaintiff's car. Defendant Hosea Fletcher asked for $600 damages by reason of the alleged negligence of plaintiff.

Plaintiff testified that at the time and place of the collision he was traveling east on U. S. Highway 277 at about 35 to 40 miles per hour, and that just before the collision a truck was approaching from the west over a bridge. That when his car was about 150 feet from the approach of the bridge his car was struck from behind by defendants' ambulance, knocking plaintiff's car into a ditch thus causing the injuries and damages.

The testimony of the witness, Jesse Graham, is briefly and substantially as follows: That he was driving a truck southwest on U. S. Highway 277, and had just made the curve approaching the bridge and was on the bridge at the time of the collision; that he saw two cars approaching and meeting him from the opposite direction and that the rear car was traveling at 65 to 70 miles per hour and started to pull out to pass the front car and then whipped back and struck the rear of the front car, knocking it off the road into a ditch; that plaintiff was taken out of his car and was bleeding from a cut in his face; that at the time of the collision, plaintiff's car was traveling about 35 miles per hour and was on plaintiff's right-hand side of the road, clear of the center line, approaching in a straight line towards the bridge.

R. W. Bower, highway patrolman, testified that he was at the scene of the accident about an hour after it happened. That the day was clear; that he found a Studebaker (plaintiff's car) off the road, hanging over a deep wash in the bar ditch; that he saw and measured car tracks and skid marks; that the tracks of vehicle No. 1 led to the Studebaker in the ditch and that the skid marks of vehicle No. 2 (defendants' car) showed a print on either side of the center line of the road and went approximatley 300 feet forward from the apparent point of impact and 30 to 40 feet back; that defendants' car had been moved from the scene upon witness's arrival, but that the defendant Everett Clifford Davis admitted that he was driving defendants' car at the time of the collision.

The evidence on the question of negligence offered on behalf of the defendants was in direct conflict with that of the plaintiff. Defendants' evidence was to the effect that plaintiff negligently stopped his car completely immediately in front of defendants' car, without warning of his intention to stop, and in a manner that defendant Davis could not avoid hitting plaintiff's car. The defendants' car was damaged in the amount of $375.

The defendants rely on three separate propositions for reversal.

The first proposition is that the verdict and judgment is contrary to and

not supported by sufficient evidence. Under this proposition defendants argue first there was not sufficient evidence of negligence on the part of defendants to justify the verdict, and secondly that "Plaintiff never received any injury that would entitle him to any recovery." There is no merit in either of these contentions. The verdict and judgment was supported by considerable competent evidence, in fact, on the question of negligence the weight of the evidence appears to be in favor of plaintiff. The verdict was certainly supported by competent evidence and this court has held in such numerous cases that a jury's verdict in a law action will not be disturbed on appeal if there is any competent evidence reasonably tending to support it, that we deem it unnecessary to cite authorities on the point.

As to the extent of the injury, if any, the evidence on behalf of plaintiff was that when he was pulled from the car he was bleeding from a cut over his eye and from his nose; that he was taken to a hospital in Chickasha where his eye was sewed up; that he suffered a sprained left foot, suffered and is still suffering with severe headaches and has been extremely nervous and has been unable to perform his work as before the accident; that his earning capacity has thereby decreased by a reduction in his wages and from the days he was unable to work. From the history of the injury and its accompanying results given to a physician, the physician, testifying in plaintiff's behalf, stated that plaintiff had suffered a permanent disability of 25 to 30 per cent. However, the evidence on this question is conflicting as the doctor who testified on behalf of defendants stated that he could see no disfigurement on the eyelid "to speak of," and that on examination of plaintiff he found no disability. The extent of the injuries and the amount of recovery therefor was a question of fact for the jury. Under the facts adduced the verdict was not excessive.

Defendants's second proposition is that the court erred in giving instructions Nos. 1 and 6, although the brief is not supported by any authorities as to the incorrectness of either instruction.

Instruction No. 1 is as follows:

"In this case, gentlemen of the jury, the burden of proof is upon the plaintiff to show by a preponderance of the evidence, each and all of the material allegations of the petition, and unless the plaintiff has proved these allegations by a preponderance of the evidence, your verdict must be for the defendants.

"The burden of proof is upon the defendants to establish by a preponderance of the evidence the affirmative allegations of the answer filed herein, but in passing upon such issues you may take into consideration all of the evidence admitted and bearing thereon, whether offered on the part of the plaintiff or of the defendants, and if the defendants should fail to prove these material allegations by a preponderance of the evidence, then your finding should be against the defendants upon such allegations of the answer.

"Likewise, the burden of proof is on the defendants to prove the material allegations of the cross-petition by a preponderance of the evidence, and if they fail so to do, then your verdict must be for the plaintiff upon the cross-petition of said defendants.

"And the burden of proof is upon plaintiff to prove the material allegations of his answer to the defendants' cross-petition by a preponderance of the evidence."

The defendants complain that the instruction placed the burden of proof on defendant.

A very similar instruction was given and upheld in the case of Missouri, K. & T. Ry. Co. v. Horton, 28 Okla. 815, 119 P. 233, wherein the court held the instruction was "a correct general statement of the law, and therefore unobjectionable."

This instruction was general and later supplemented by instructions Nos. 8, 9, 10, 11, 12, 14 and 15. By a reading of all of these instructions it becomes apparent that plaintiff was required in the first instance to assume the burden of proof by a preponderance of the evidence, each and all of the material allegations of his petition, and that unless he complied with and fulfilled this burden the verdict must be for the defendants. From a study of all of the instructions, taken as a whole, we conclude that the complained of instruction did not involve the shifting of the burden of proof but merely meant that each party must establish his own case. We do not say that instruction No. 1 is a model instruction and free from criticism, but we hold that when the instructions are considered in their entirety, together with the evidence, the jury could not have been misled as to the burden of proof. Cimarron Utilities Co. v. Safranko et al., 187 Okla. 86, 101 P. 2d 258.

Defendants state, without citing any authorities, that instruction No. 6 was erroneous because it did not instruct that the jury "must find further that the negligence on the part of the defendants, if any, was the direct and proximate cause of the plaintiff's injuries."

What has been said, supra, relative to the giving of instruction No. 1 applies here also. We fail to see where instruction No. 6 is erroneous. Similar instructions have been approved by this court. Knox v. Loose-Wiles Biscuit Co. 194 Okla. 611, 154 P. 2d 59. Assuming, however, that instruction No. 6 was erroneous, the giving of same would not be reversible error when we consider instruction No. 10 in connection therewith. Instruction No. 10 is as follows:

"You are further instructed, gentlemen, that should you find and believe from a preponderance of the evidence that the defendant was negligent in some one or all of the acts of negligence alleged in the plaintiff's petition, still, unless you further find and believe from the evidence that the said act or acts of negligence was the proximate cause of plaintiff's injuries, and without any contributory negligence on the part of the plaintiff contributing thereto, then the law would be for the defendants, and you should so find."

Instruction No. 10 was sufficient to present the question of proximate cause. Standard Theaters Corporation v. Hughes, 185 Okla. 377, 91 P. 2d 1058.

Defendants next state, without citing authorities, that the giving of instruction No. 7 was reversible error. This instruction is as follows:

"You are instructed that the Statutes of the State of Oklahoma provide: 'That all motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half the road.'

"In this connection you are further instructed that if you find from the evidence that the vehicle operated by defendants attempted to pass the vehicle operated by plaintiff without having given notice of approach by a horn or other signal before passing, then defendants were guilty of negligence, and if you find from the evidence that this negligence was the direct and proximate cause of the injuries sustained by plaintiff, then your verdict should be for the plaintiff and against the defendants, unless you find from the evidence that plaintiff was guilty of contributory negligence as defined in these instructions which was the proximate cause of the accident."

Defendants state that this instruction is erroneous because it was not within the issues. The trial court perhaps thought it was an issue due to the fact that plaintiff testified that he did not know that defendants' car was behind him until it struck him. Be that as it may, if the giving of said instruction was erroneous, it was harmless error. In light of all the evidence in the case the jury could not have been misled by

this instruction and no prejudice resulted in the giving of same. See 22 O. S. 1941 §1068.

The case was fairly tried and fairly covered by the instructions, when viewed as a whole. The errors complained of do not justify a reversal.

Judgment affirmed.

