## OKLAHOMA TRANSPORTATION CO. v. MITCHELL.

No. 34786. April 8, 1952.

*243 P. 2d 350.*

F. M. Dudley and Richardson, Shartel & Cochran, Oklahoma City, and J. T. Blanton, Jr., and Curtis & Blanton, Pauls Valley, for plaintiff in error.

Bill Wilson and Alma Wilson, Pauls Valley, and Watts, Ross, Looney & Smith, Oklahoma City, for defendant in error.

.: CORN, J. Plaintiff brought this action to recover damages for personal injuries allegedly sustained as the result of a collision between a bus, operated by defendant Oklahoma Transportation Company, upon which plaintiff was a paying passenger, and a truck owned and operated by defendant truck company.

The petition charged the defendant truck company with negligence in operating its truck at a greater speed (50 mph.) than was prudent under the circumstances, considering the curved highway and icy condition thereof, and in operating such vehicle to the left of center of the highway, in violation of the statutes. The defendant bus company was charged with substantially the same negligence, and in failing to keep a proper watch upon the highway. By amendment this defendant also was charged with operating its bus to the left of center of the highway.

The defendant truck line answered by general denial and plea of unavoidable accident. Defendant bus company filed general denial and further pleaded contributory negligence, no liability by reason of an intervening cause, due to the acts, and failure to act, of defendant truck company's agent, and the further plea of unavoidable accident.

U. S. Highway 77 extends through Paoli, Oklahoma, in a north and south direction. Defendant bus company's station is located approximately one block south of the intersection of the highway with Main street, upon the west side of the highway. January 10, 1949, plaintiff, a passenger upon one of defendant's buses bound for Oklahoma City, arrived in Paoli shortly after 6 p. m. where the bus pulled into the bus station on the left of the highway to discharge passengers. The weather was inclement and the highway covered with a thin coating of ice. After approximately five minutes in the station defendant's bus pulled out at an angle across the highway in order to travel north. At approximately the same time defendant's south bound truck negotiated the turn in the highway and proceeded south along the highway to a point about a block north of the bus station, where a collision occurred. The left front portion of the bus and the left rear part of the truck trailer collided. From the force of the collision plaintiff was thrown from his seat, receiving injuries for which he sought damages. The lights on both vehicles were burning and observed by each driver and each of them observed the other's approach from about 150 feet away. Other than as to the matters just stated the evidence was in very sharp conflict.

Plaintiff charged both defendants with negligence, and his evidence was directed toward establishing that defendant's bus driver proceeded north onto the highway at an angle, which placed the bus to the left of the center line, and at a speed greater than permitted the bus to be stopped in the assured clear distance ahead, especially in view of the icy condition of the road. Defendants' demurrers to plaintiff's evidence were overruled.

The evidence on behalf of each defendant was directed toward establishing that the collision resulted from the other's negligence. Defendant bus company introduced testimony to the effect the collision occurred on the east (right-hand) side of the center stripe, and was occasioned by the truck being on the wrong side of the road. The truck driver testified to being on the proper side of the road and with his vehicle under control, and that the truck trailer was struck by the bus some three feet to the west of the center stripe, thus fixing the position of the bus on the wrong side of the road.

The evidence regarding the nature and extent of plaintiff's injuries likewise was sharply conflicting. Plaintiff suffered an accidental injury in 1948, while serving in the Navy, which required his hospitalization for about 60 days. This injury was to the same region of his back as that injured in the

collision, and required plaintiff to wear a sacro-iliac belt. There was medical testimony establishing the nature and extent of plaintiff's injury, and fixing the extent thereof at a maximum of 30 per cent disability to his body as a whole. Opposed to this evidence was the medical testimony given in behalf of the bus company, to the effect plaintiff suffered no injury of a permanent or disabling nature.

Defendant's motions for directed verdict were overruled. Submission of the case to the jury, under instructions from the trial court, resulted in a verdict in plaintiff's favor, upon which verdict the judgment herein appealed from was rendered.

The assignments of error relied upon by the bus company are presented under two propositions. It is urged first that there was an absence of evidence showing negligence of the defendant, and the trial court therefore erred in refusing to sustain defendant's demurrer to the evidence, or defendant's motion for a directed verdict, so that the verdict and judgment are conrary to the law and the evidence. Supporting the argument as urged defendant cites numerous decisions from this court to the effect that the mere fact an injury occurs carries with it no presumption of negligence. Citation of authority in support of the argument that such is the settled rule is unnecessary.

However, it is an equally settled rule that where the evidence is conflicting and there is evidence reasonably tending to support the verdict of a properly instructed jury, the judgment based thereon will not be disturbed on appeal. Ronspiez v. Chambers, 203 Okla. 664, 226 P. 2d 388. This court is not called upon to weigh the evidence. It is sufficient to note that as to every matter concerning the existence of any negligence the evidence was in irreconcilable conflict. By their verdict it is clear the jury rejected defendant's evidence upon the issues raised. We are not called upon to weigh the sufficiency of the evidence in such instances, but accept the jury's conclusions in such respect.

Defendant last contends the judgment should be reversed for the reason the damages awarded are so excessive as to show that the verdict resulted from passion or prejudice. In this connection it is necessary only to call attention to the fact that the verdict rendered was well within the limits reflected by the evidence, as reflected by plaintiff's life expectancy, earning capacity, the severity of his injuries established by competent medical testimony. Although defendant's evidence was that plaintiff suffered no disabling injury whatever, the jury was not bound to accept such testimony to the exclusion of plaintiff's own evidence concerning the nature and extent of his injuries. See Mid-Continent Pipe Line Co. v. Price, 203 Okla. 626, 225 P. 2d 176. Plaintiff offered competent evidence reasonably tending to establish his cause of action as alleged. In such cases defendant's demurrer to the evidence and motion for directed verdict should be overruled. Alsup v. Skaggs Drug Center, 203 Okla. 525, 223 P. 2d 530.

Judgment affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.