AGHAJAN v. MARSHALL.

No. 35419.   July 29, 1952.

*247 P. 2d 510.*

R. L. Suddath, Memphis, Tenn., and R. E. Riddle, Tulsa, for plaintiff in error.

Kavanaugh Bush, Tulsa, for defendant in error.

BINGAMAN, J. Plaintiff, G. S. Aghajan, brought this action against the defendant, W. H. Marshall, on July 18, 1949. In the first cause of action in his petition he alleged that he was the owner of the west half of lot 9, block 4 in Marshall Heights Second addition to the city of Tulsa, and that Marshall

was the owner of the east half of said lot; that during 1945 plaintiff erected a brick business building upon the east part of the lot owned by him, the east wall of his building being right at the boundary line; that thereafter, in 1946, defendant build a brick building on his portion of said lot immediately adjoining the property of plaintiff and did not erect a wall on the side next to plaintiff's property, but attached the roof of his building to plaintiff's roof and was using the east wall of plaintiff's building as a west wall for his building, and that such use by defendant of plaintiff's property was without the consent of plaintiff. In this cause of action he sought to recover one-half of the cost of the wall from defendant as compensation for the use of said wall by defendant. In his second cause of action he sought rental for the use of said wall on the ground that a contract would be implied in law that the defendant would pay a reasonable sum per month for its use. In his third cause of action he asked for injunction requiring the defendant to detach his roof from plaintiff's property and enjoining his further use of plaintiff's property. By amendment he pleaded a fourth cause of action in ejectment.

In his answer defendant admitted the ownership by plaintiff of the property described in plaintiff's petition; admitted that he had constructed the building on his own property, denied that his building in any way encroached upon the property of plaintiff, or that he is using the wall of plaintiff's building as alleged in plaintiff's petition.

The case was tried to the court and a jury and at the conclusion of the evidence the trial court submitted to the jury only the cause of action alleged in plaintiff's first cause of action, in which plaintiff sought to recover one-half of the cost of his brick wall. The jury returned a verdict for defendant, and the trial court rendered judgment thereon, and rendered a further judgment directing the defendant to cease to encroach upon the property of plaintiff and that he remove that part of the roof of his building, and all roofing and other material which extended over the line of plaintiff's property, and enjoined him from further encroaching thereon. Plaintiff appeals.

From the brief of plaintiff it appears that the sole question urged by them is that the verdict of the jury is not sustained by the evidence, but that the evidence conclusively shows a wrongful use of plaintiff's property by defendant. We are unable to agree with this contention.

From the record it appears unquestioned that defendant did not erect a wall on the west line of his lot, which immediately adjoined plaintiff's east line; that he ran his roof, which was supported by piers or pillars, to a little greater height than that of plaintiff's roof, and covered the intervening space between the two roofs with tar paper so that water would not penetrate into the space beneath where his building had no wall. Plaintiff testified that he offered to permit defendant to use his wall if defendant would deed him a 25 foot lot, but that defendant did not deed him the lot and used his wall anyway. That defendant so used said wall and did place tar paper over the place where the roofs of the two buildings adjoined each other is admitted. Defendant testified positively, however, that plaintiff agreed to permit him to so use the wall and to put the tar paper where he put it in return for his permitting plaintiff to connect to his, defendant's, sewer line, which saved plaintiff the trouble and expense of building a sewer line of his own. He testified that plaintiff talked to him about buying another lot which defendant subsequently sold to a third party, and that upon the sale of said lot to said third party plaintiff brought this action. It appears from the record that the action was not commenced until 1949, nearly three years after the erection of defendant's building.

The trial court submitted the question of whether plaintiff was entitled

to recover one-half of the cost of his wall as prayed for in his first cause of action under instructions which seem to us fair, and to which no objection was made or exception taken by either party.

The evidence being thus in conflict, whether plaintiff was entitled to recover became a question for the determination of the jury. We have many times held that in actions of legal cognizance the verdict of the jury will not be disturbed upon appeal where the evidence is in conflict if there is any evidence reasonably tending to support the verdict. Fletcher v. Millward, 204 Okla. 177, 228 P. 2d 370; Ronspiez v. Chambers, 203 Okla. 664, 226 P. 2d 388; Leal v. Blackwell, 201 Okla. 388, 206 P. 2d 199.

There being no other errors assigned or urged in the brief of plaintiff, the verdict of the jury, under the rule announced in the above-cited cases, will not be disturbed.

Affirmed.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.