PFEIFFER v. STANOLIND OIL & GAS CO.

No. 35213. July 29, 1952.

247 P. 2d 520.

Merle G. Smith, Guthrie, for plaintiff in error.

L. A. Thompson, Jr., and Fellows & Fellows, Tulsa, for defendant in error.

BINGAMAN, J. This action was brought by Fred Pfeiffer against the defendant, Stanolind Oil & Gas Company, to recover damages to land owned by plaintiff caused by the running of salt water into a stream or creek on said premises by defendant. The cause was tried to a jury, verdict and judgment were for defendant, and plaintiff appeals.

Undisputed facts are that plaintiff owned the northwest quarter of section 4, township 19 north, range 2 east, in Logan county; that defendant owned and was operating a producing oil and gas lease on an 80-acre tract north of plaintiff's land and separated therefrom by a section line. Plaintiff's land was also producing oil and gas, and at the time this action was brought some four producing wells were being operated thereon. On December 16, 1947, a county road grader, grading the section line between the two properties, broke a salt water disposal line belonging to defendant, which conducted salt water from defendant's lease to a disposal line owned and operated by Shell Oil Company, and which was also apparently occupying a part of the section line. At any rate the point of junction between the two salt water lines was not upon the land of plaintiff. When the line was thus broken on December 16th, a considerable amount of salt water and oil refuse escaped therefrom and ran down a draw and into the creek on plaintiff's land. As soon as the break was discovered by defendant's employees they placed a man near the creek to drive away defendant's cattle which were pastured on the land, and later placed a guard upon the land to keep the cattle away from the salt water until the break in the line was repaired. They also requested permission of plaintiff, who discovered the intrusion of salt water into the creek on the afternoon of December 16th, to permit them to pump the salt water and refuse out of the creek and draw on plaintiff's farm, but plaintiff refused such permission, and on December 17th, erected a "No Trespassing" sign upon his property. Thereafter, on January 10, 1948, another break occurred in the line which also permitted some salt water and refuse to escape and run upon the land of plaintiff, but this was apparently a much smaller amount than escaped on December 16th.

It appears that plaintiff's property was valuable chiefly as pasturage for cattle. Plaintiff testified that after the influx of salt water on December 16, 1947, the land was valueless for such purpose, and that thereafter, because of the condition of the creek and the possibility of other breaks in defendant's salt water line, he did not pasture any cattle thereon. He and other witnesses testified to the value of the property for pasturage purposes, and that the influx of salt water which prevented its use for such purposes depreciated it in value some 50 per cent. Plaintiff admitted that on December 16th, after the break in defendant's line, he refused to permit defendant's employees to pump the salt water, oil and refuse out of the creek and draw on his place. The trial court permitted the jury to view the premises and submitted the cause to them, and their verdict was for defendant. Plaintiff did not request any additional instructions, and took no exceptions to the instructions given by the court.

Plaintiff's sole contention in this court is that the trial court erred in not giving, on its own motion, an instruction upon a material issue raised by his pleadings and evidence, and that such duty rested upon the court regardless of the fact that he did not request such instruction. He cites in support of this contention Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781, and other cases holding that the failure of the court to instruct the jury upon a material issue in the case is fundamental error.

It appears that in instruction No. 14 given by the trial court it instructed the jury that one who suffered an injury by the acts of another had the duty of using all reasonable means to minimize the damage, and that if the jury in this case should find from a preponderance of the evidence that plaintiff suffered any damage which could have been prevented or minimized by permitting defendant's employees to enter upon his premises and remove the salt water and other refuse, and permission to do so was refused by plaintiff so that they were prevented from removing such salt water and other sediment, plaintiff could not recover for any damages sustained as a result thereof.

Plaintiff asserts that that instruction was erroneous in that the records showed his refusal to permit the removal of only the salt water and other refuse which flowed upon his land on December 16, 1947, and that there is no showing that he refused such permission on January 10, 1948, when the second break in defendant's line occurred. He says that the court should have instructed the jury that such refusal should be considered only to reduce the judgment for damages for the December break, and would have no effect on the damages sustained as a result of the break on January 10, 1948.

Inspection of the record conclusively establishes that plaintiff's contention is wholly untenable. This for the reason that, as pointed out above, he and his witnesses testified that the land was valueless for pasturage purposes at all times after the break in defendant's line on December 16, 1947, and no evidence was introduced showing any further or additional damage to the land for pasturage purposes caused by the break in January, 1948. For the court to have instructed the jury as the plaintiff now contends would have permitted the jury to speculate upon whether additional damage was caused to plaintiff's land by the break of January, 1948, and if so to what extent the land was damaged by such additional break. Also the jury would have been compelled to disregard the positive testimony of plaintiff that the land was valueless for pasturage purposes at all times after the break of December 16, 1947.

Examination of the instructions given by the trial court reflects that they fairly presented to the jury the law governing the case upon the issues raised by the pleadings and evidence, and that the trial court did not err in failing to give an instruction along the lines suggested by plaintiff.

Affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, and O'NEAL, JJ., concur.