MIDLAND VALLEY R. CO. v. LOWERY et al.

No. 34348.   Oct. 7, 1952.

*248 P. 2d 1042.*

Charles P. Gotwals and James D. Gibson, Muskogee, for plaintiff in error.

Banker & Bonds and Phil K. Oldham, Muskogee, for defendant in error.

PER CURIAM. This action was commenced on September 17, 1948, to recover damages sustained by the plaintiffs from the flooding of 43 acres of corn on June 24, 1948, alleged to have resulted from the construction of a ditch by the defendant along its right of way to the Canadian river, and plaintiffs alleged that the construction of said ditch permitted the Canadian river to flow into the ditch and into a slough located a quarter of a mile from the river, and from the slough across plaintiffs' property. The cause was tried to a jury. Verdict and judgment was for the plaintiffs in the sum of $800, and from this judgment the defendant, Railroad Company, appeals.

The undisputed facts are that the plaintiffs below and the defendant in error herein, owned 43 acres of growing corn. That it had been disced, fertilized and would have needed one more plowing before it would have been ready for harvesting. That the defendant owned and maintained a line of railroad over and across the Canadian river and that at a point about a quarter of a mile west of the river bridge the railroad crossed a slough; that prior to 1945 the railroad had constructed a ditch running along the railroad right of way from the river bridge to the slough, and that in 1945 the ditch was widened and there is some dispute as to whether or not it was deepened. On or about June 24, 1948, the corn crop of the defendants in error was de-

stroyed by water which had backed up over and across their lands and the only factual controversy of any significance in this lawsuit is whether or not the construction of the ditch or the widening thereof caused the damages sustained.

Defendants in error produced testimony of numerous farmers living in the immediate area, · who testified that after a heavy rainfall in June, 1948, they observed water flowing from the river through the ditch constructed and maintained by the plaintiff in error, into the slough a quarter of a mile away, and out of the slough and in the direction of and over the land of the defendants in error. The plaintiff in error, on the other hand, produced numerous witnesses who testified that the flooding of the land of defendants in error came from other streams or creeks in the area or from the rise of the river itself and plaintiff in error also had expert witnesses who testified that it was impossible for water coming from the river through the ditch and into the slough to escape over and upon plaintiffs' lands.

The brief of plaintiff in error urges reversal of the trial court on the grounds that the verdict was not supported by and is contrary to the evidence, and that the verdict was contrary to the evidence in that it was in complete disregard for the admitted physical facts.

The trial court submitted the question of whether or not the damage complained of was caused by the construction and maintenance of the ditch by plaintiffs in error, and with the evidence thus in conflict, whether plaintiffs were entitled to recover became a question for the determination of the jury. We have many times held that in an action of legal cognizance, the verdict of the jury will not be disturbed on appeal where the evidence is in conflict, if there is any evidence reasonably tending to support the verdict. Aghajan v. Marshall, 207 Okla. 41, 247 P. 2d 520; Fletcher v. Millward, 204 Okla. 177, 228 P. 2d 370; Ronspiez v. Chambers, 203 Okla. 664, 226 P. 2d 388.

With regard to the second assignment of error, a jury may follow their own convictions based upon their own experience, observations and common knowledge, although contrary to expert opinions. United States v. Gower, 50 F. 2d 370. Expert opinion and testimony is not binding upon and is only advisory of the jury. Chicago R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 P. 1096. Testimony of expert witnesses cannot be arbitrarily rejected in toto, but neither should be indolently accepted, but the weight to be given to testimony of that kind is for the court or jury, as the case may be, and the court is not required to give controlling influence to the opinions of expert or scientific witnesses. Boston Insurance Co. v. George R. Read, 166 F. 2d 551 (10 C.C.A.) 1948, 2 A.L.R. 2d 1155. ·

It is next asserted by the plaintiff in error that the trial court committed reversible error in giving instruction No. 12, wherein the court advised the jury that "a railroad may lawfully erect or dig and maintain any embankment, ditch or other work to protect its land and property against overflow or erosion from waters in an adjacent watercourse or stream, but in so doing it has no right to build, construct or dig any embankment, work or ditch which in times of flood will cause the waters of the stream to flow onto the land of another; and if it so does, the railroad company would be liable for any damages caused by such flowage". The plaintiff in error complains that the instruction omits the necessary fact that the ditch must be the proximate cause of the injury and would impose liability simply by its existence. However, it should be pointed out that the court in instruction No. 6 directed that it was incumbent upon the plaintiff "to prove by a preponderance of the evidence that their crops were overflowed and destroyed and that their destruction was caused by the

negligence as. alleged in plaintiffs' petition, and that such negligence as alleged in plaintiffs' petition was a direct or proximate cause of the injury complained of", and in instruction No. 7, instructed the jury that "it would not be negligence for the defendant to construct the ditch in question along its right-of-way unless such ditch caused water to flow or collect upon the plaintiffs' land, which would not have done so through natural drainage conditions." The two instructions immediately above referred to, as well as to the other instructions of the court, taken together in their entirety, fairly submitted the issues to the jury, although the single instruction complained of, standing alone, is subject to criticism. This court has repeatedly held that while a single instruction, standing alone may be subject to criticism, when instructions taken together in their entirety fairly submit the issues to the jury, the judgment of the trial court or the jury will not be disturbed. Johnson v. Short, 204 Okla. 656, 232 P. 2d 944; Bowring v. Denco Bus Lines, 196 Okla. 1, 162 P. 2d 525. Examination of the instructions given by the trial court shows that they fairly presented to the jury the law covering the case, upon the issues raised by the pleadings and evidence, and that the trial court did not err in giving the instructions complained of and failing to give certain instructions suggested by the plaintiff in error.

Affirmed.

This court acknowledges the services of Attorneys William K. Powers, Stanley Campbell, and James Bush, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.