CRIMINAL PROCEDURE
An ousted county commissioner may not legally qualify as a candidate in a special election called to fill the unexpired term of office created by the ouster. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: ". . . Whether an ousted county commissioner can be a qualified candidate in a special election called to fill the unexpired term of office of county commissioner, declared vacant by the judgment removing him from said office, and whether he can serve out the unexpired term if elected?" In considering the above question, it should be noted that this appears to be a question of first impression in the State of Oklahoma and this question is not specifically addressed in the statutes. It should further be noted that, although this question has not been specifically resolved in this State, certain other jurisdictions have had occasion to consider similar issues. In the case of State v. Rose, 74 Kan. 262,86 P. 296, error dism'd 203 U.S. 580, 51 L.Ed. 326, 27 S.Ct. 779
(1906), the Supreme Court of Kansas stated as follows: "At the argument the question was mooted whether a county attorney, who had been removed from office, could be reappointed during the term. The statute authorizing removal would serve little purpose if the District Judge would appoint the unfaithful officer for the term forfeited and thus again vest him with the office and the opportunity to continue the violations of duty and of the law. Suppose a clerk, who was engaged in peculation with the connivance of the board of county commissioners, was removed from office; the board which has the power to fill the vacancy might be willing to give the defaulter a new lease of power to continue his frauds against the public until the end of the term, but to allow it to be done would be trifling with justice. No such purpose can reasonably be imputed to the Legislature. Counsel for the defendant was inclined to concede that an officer removed for dereliction of duty could not be reappointed to fill the vacancy, but contended that a different rule obtains where provision is made for filling the vacancy by election. No room is seen for a distinction between an appointment and an election. The protection of the public is involved in the proceeding and judgment. Nothing in the statute suggests that electors, even, can condone the misfeasance, revive the forfeited rights, or limit the effect or enforcement of a judgement of ouster. . . . An ousted officer might again and again in some illegal way gain possession of the office, and such recognition in it as would give validity to his acts, but it would hardly be contended that the only way by which the State could meet such contumacy and enforce the court's judgment would be to bring repeated quo warranto proceedings. "The contention that to deprive the defendant of the right to hold office for the remainder of the term is to take away a right from him without due process of law, is not well founded. He is only made to suffer the penalty imposed for misconduct in office in violation of law. The office is created by statute. The grounds of forfeiture are prescribed by statute, and the statute provides the method by which the forfeiture is declared. He has no vested right to the office, and especially none which may not be forfeited and lost by misfeasance. Having violated the statute, he must suffer the penalty which the statute prescribes.') (Emphasis added) In the case of Recall Bennett Committee, et al. v. Bennett, et al., 196 Or. 299,249 P.2d 479 (1952), the Supreme Court of Oregon, in considering a similar problem, also held that an ousted public official was not qualified to become a candidate for reelection to the office from which he was ousted for the balance of the unexpired term, as such re-election would be void. In expressing its reasoning, the Court noted that the term "public office" embraces the aspects of tenure, duration, emolument, powers and duties. The Court acknowledged that the phrase "term of office" is a phrase referring to the fixed period of time for which the office may be held. The Court went on to cite additional authorities for its conclusion that when one is removed from an office, he is removed for the entire current term and cannot there after be re-elected to that term since the term is a part of the office. In this connection, citing State ex rel. Thompson v. Crump, 134 Tenn. 121,183 S.W. 50, 507, L.R.A. 1916d, 951, the Court stated: "Accordingly, when defendants were removed from the offices of Mayor and Vice-Mayor, they were deprived of the right to exercise certain functions and receive certain compensation, and they were deprived of that right for their terms then current." The Court stated in conclusion: "We hold the defendant Bennett is not qualified to become a candidate for election to the unexpired term of the office from which he was recalled. By reason of his disqualification, his election, if an election were held, would be void. 67 C.J.S., Officers, 26, page 155." While the decisions above cited are not binding precedent in Oklahoma, we find the holdings of these decisions to be persuasive. As in the cited cases, the Oklahoma Courts have defined the phrase "public office", embracing the office of county commissioner, to mean a right, authority and duty, created and conferred by law for a given period, that period being that fixed by law or enduring at the pleasure of the creating power. State v. Sowards,64 Okl. Cr. 430, 82 P.2d 324 (1938), Lizar vs. State,82 Okl. Cr. 56, 166 P.2d 119 (1946). Unquestionably, the term of office for county commissioner is fixed by statute in Oklahoma. 19 O.S. 131 [19-131] (1977). It can accordingly be seen that as in the decisions above noted, under Oklahoma law, the public office of county commissioner embraces, as an integral part thereof, the respective term of office. Consequently, a removal from that office is, as a matter of law, a removal for that term. The conclusions heretofore stated would appear to be in keeping with the evident legislative intent and purpose as expressed in the Oklahoma Statutes pertaining to ouster. Title 22 O.S. 1181 [22-1181] (1971) provides as follows: "Any officer not subject to impeachment elected or appointed to any state, county, township, city, town or other office under the laws of the State may, in the manner provided in this article be removed from office for any of the following causes: "First. Habitual or willful neglect of duty. "Second. Gross partiality in office. "Third. Oppression in office. "Fourth. Corruption in office. "Fifth. Extortion or willful overcharge of fees in office. "Sixth. Willful maladministration. "Seventh. Habitual drunkenness. "Eighth. Failure to produce and account for all public funds and property in his hands, at any settlement or inspection authorized or required by law." Title 22 O.S. 1181.1 [22-1181.1] (1971) provides as follows: "All elective officers in the State of Oklahoma, including elective officers of the State and elective officers of each county, City, town or school district of the State of Oklahoma, but excluding any elective officers liable to impeachment, shall be subject to removal from office in such manner and for such causes as now provided by law, or as may be provided by law passed subsequent to this act, and any such officer or officers may be removed or ousted from office for any act or acts of commission or omission or neglect which may be committed, done or omitted during the term in which such ouster or removal proceedings may be filed, and any such officer or officers, may be removed or ousted from office for any act or acts of commission, omission or neglect committed, done or omitted during a previous or preceding term in such office." (Emphasis added) It is apparent from a plain reading of the aforementioned statute that the obvious legislative intent and purpose of these provisions is to provide for the removal of the offending officer from the public office (of which the term of office is an integral part) for acts of commission, omission or neglect. It is further apparent from the statutes and authorities heretofore cited that the clear intent of the Legislature was that such officer would cease performing the duties of said office should he be removed. It logically follows that the Legislature did not intend that said officer should be eligible to fill the vacancy created by the judgment of conviction and order for removal of said officer. To reach a contrary conclusion or interpretation would appear to result in an absurdity which as a matter of statutory construction must be avoided. Wooten v. Hall, Okl., 442 P.2d 334 (1968); AMF Tubescope Company v. Hatchel, Okl., 547 P.2d 374 (1976). It is further apparent that a contrary conclusion would be violative of the public policy of this State, as clearly expressed by the Legislature, in allowing a public officer after being once removed from office to continue to serve in said office. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. An ousted county commissioner may not legally qualify as a candidate in a special election called to fill the unexpired term of office created by the ouster. (LARRY D. BARNETT) (R. THOMAS LAY)