CINCO ENTERPRISES, INC., Appellant,

v.

Edward BOTTS, Michael Dee Ball,
Barbara Ellen Ball, Leo J. Davis,
and Grace G. Davis, Appellees,

Ruins Development Company, an Oklahoma Limited Partnership; Federal Deposit Insurance Corporation, in its corporate capacity; Shirley Lorenz, Garfield County Treasurer; Board of County Commissioners of Garfield County, Defendants.

No. 86861.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 17, 1996.

Rehearing Denied Dec. 10, 1996.

Michael C. Bigheart, McKnight & Gasaway, P.C., Enid, for Appellant.

Matt Sedbrook, Enid, for Appellees.

## OPINION

JOPLIN, Judge:

Cinco Enterprises, Inc. (Cinco) seeks review of the trial court's order granting judgment to Edward Botts, Michael Dee Ball, Barbara Ellen Ball, Leo J. Davis, and Grace G. Davis (collectively, Owners) in Cinco's action for declaratory judgment and foreclosure of a mortgage on property in which Owners claimed some interest. We find Cinco's action time-barred, and affirm the trial court's judgment in favor of Owners.

Cinco held a promissory note and real estate mortgage covering Owners' property, which mortgage referred to the terms of and secured the promissory note. By its terms, the note matured and came due on September 13, 1986.[1] Cinco brought the present action in 1995, and moved for "partial summary judgment," asserting no facts in controversy concerning the terms and conditions of the note and mortgage, and timely pursuit of recovery within the ten year limitation period under 46 O.S. 1991 § 301. Owners responded, arguing Cinco's action stood time-barred by operation of 12A O.S. 1991 § 3–118(a) and 42 O.S. 1991 § 23.

The trial court denied Cinco's motion and granted judgment to Owners. Cinco appeals, and the matter stands submitted for accelerated appellate review on the trial court record under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S. Supp.1993, Ch. 15, App.2.

■■■ As we view the issues, we must first decide whether 46 O.S. § 301 is a statute of limitation or a statute of repose. As the Oklahoma Supreme Court has explained:

Modern statutes of repose and statutes of limitation bear both similar and significantly different legal characteristics. They are alike in the sense that they are both designed to provide repose for the defendant. They are different in the sense that a *statute of limitation* serves to place a limit on the plaintiff's time to bring an action. After the prescribed time period has lapsed, a statute of limitation serves to *extinguish the remedy* for the redress of an *accrued* cause of action. A *statute of repose*, by way of contrast, restricts potential liability by limiting the time during which a cause can arise. It thus serves to bar a cause of action before it accrues. In a practical sense, a *statute of limitation* implicitly seeks to punish those who sleep

on their rights, while the *statute of repose* operates to bar some plaintiffs' recovery, no matter how diligent they may have been in asserting their claims ...

*Smith v. Westinghouse Elec. Corp.,* 732 P.2d 466, 468–469 fn. 11 (Okla.1987) (emphasis in original). Stated otherwise, a statute of repose "sets an outer boundary in time beyond which no cause of action may arise for conduct that would otherwise have been actionable, as opposed to a statute of limitation which disturbs a vested substantive right." *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.,* 782 P.2d 915, 919 (Okla.1989).

So guided, 46 O.S. § 301 provides in pertinent part that "[n]o suit, action or proceeding to foreclose or otherwise enforce the remedies in any mortgage, contract for deed or deed of trust shall be had or maintained after the expiration of ten (10) years from the date the last maturing obligation secured by such mortgage, contract for deed or deed of trust becomes due as set out therein." In relevant particular, we note the language of § 301 bears a remarkable similarity to the language of 12 O.S. 1991 § 109, which mandates that "[n]o action in tort to recover damages ... for any deficiency in ... design, planning, supervision or observation of construction of an improvement to real property ... shall be brought ... more than ten (10) years after substantial completion of [the] improvement." The Oklahoma Supreme Court has consistently held § 109 sets the outer boundary beyond which no cause of action may arise, i.e., § 109 constitutes a statute of repose. *See, e.g., St. Paul Fire & Marine Ins. Co.,* 782 P.2d at 919; *Samuel Roberts Noble Foundation, Inc. v. Vick,* 840 P.2d 619 (Okla.1992). We likewise find the language in 46 O.S. § 301 sets the outer boundary beyond which an action for foreclosure may be brought and allows no exceptions thereto. Consequently, we hold 46 O.S. § 301 to be a statute of repose.

---

1. In 1988, Defendant Federal Deposit Insurance Corporate sued to foreclose a mortgage it held on the same property, claiming its interest superior to Cinco, the remaining Defendants in the present case, and other third parties. Cinco answered, asserting its interest in the property through the note and mortgage. The trial court in that case granted Judgment for FDIC but specifically stated the priority of liens claimed by Cinco and other parties was not determined and would not be determined except upon application of one of the parties claiming an interest in any funds remaining after sale of the property which were ordered deposited into the court. Notice of Sheriff's sale was given but prior thereto, FDIC disclaimed any interest in and to the property. The parties in the present case agree no further action was ever taken in the FDIC case.

An action timely filed pursuant to a statute of repose may nevertheless stand barred by an applicable statute of limitations. *Samuel Roberts Noble Foundation, Inc.,* 840 P.2d at 619. There, the Oklahoma Supreme Court held that although the plaintiff commenced the action within the ten year § 109 period, and, as such, not interdicted by § 109, the law required an analysis of the applicable statute of limitation, 12 O.S. § 95 (Third), to determine if the action was time-barred. In that regard, and as Justice Opala recently observed, a "dead right cannot be revived by a viable remedy any more than a viable right may ever be vindicated by an extinguished remedy." *U.S., Acting Through Farmers Home Administration v. Floyd Hobbs v. Melvin L. Reed, Ron P. Reed,* 921 P.2d 338 (Okla.1996) (Opala, J., with whom Hodges, J. joined, concurring).

In the present case, Cinco brought its foreclosure action nine years after the last maturing obligation evidenced by the promissory note became due. Cinco's action, then, is within the ten-year provision of 46 O.S. § 301. However, 12A O.S. 1991 § 3–118(a) provides a six-year statute of limitations for actions to enforce the obligations of a promissory note, while 42 O.S. 1991 § 23 provides that a lien is extinguished "by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation," and 42 O.S. 1991 § 5 specifically provides that the provisions of Title 42 apply to mortgages. Thus, any action by Cinco to enforce the underlying obligation secured by the mortgage is time-barred, and Cinco's right to enforce its mortgage was extinguished by the passage of six years after the promissory note became due. See *State v. Hall,* 128 P.2d 838 (Okla.1942); *Fourth National Bank of Tulsa v. Appleby,* 864 P.2d 827 (Okla. 1993). We therefore conclude the trial court did not err in granting judgment to Owners.

The order of the trial court granting judgment to Owners is therefore AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.