2012 OK CIV APP 56

BANKERS TRUST COMPANY OF
CALIFORNIA, N.A., as Custodian
or Trustee, Plaintiff/Appellant,

v.

Ronald R. WALLIS and Janice M.
Wallis, husband and wife,
Defendants/Appellees.

No. 109,757.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Feb. 24, 2012.

On January 25, 2012, the Respondent filed a
response in which he stated that he did not

Joe E. Edwards, Joel W. Harmon, Melanie
W. Rughani, Crowe & Dunlevy, Oklahoma
City, Oklahoma, and Kayci Bair Hughes,
Crowe & Dunlevy, Tulsa, Oklahoma, for
Plaintiff/Appellant.

Richard D. Gibbon, Gibbon, Barron & Bar-
ron, PLLC, Tulsa, Oklahoma, for Defen-
dants/Appellees.

BAY MITCHELL, Judge.

¶ 1 Appellant Bankers Trust Company of
California, N.A., as Custodian or Trustee
(Bank) appeals from the trial court's Order
dismissing the foreclosure/breach of contract
object to the Application.

action against Appellee Ronald R. Wallis and Janice M. Wallis, Husband and Wife (Home Owners) with prejudice pursuant to the statute of repose, 46 O.S.2001 § 301. The dismissal was entered upon a finding that the cause of action "is and has been an attempt to maintain the action in excess of seven or ten years" from the time upon which the full amount of principal and interest in the subject note sued upon became due and payable on February 29, 2000.[1]

¶ 2 To enable the purchase of their home in Claremore, Home Owners obtained a loan from Bank's predecessor in interest in 1997. Home Owner Ronald R. Wallis executed a promissory note and both Homeowners executed a real estate mortgage on October 29, 1997, in the principal amount of $182,500 with interest on the unpaid balance until paid in full (payable in monthly installments of $2,429.15).[2]

¶ 3 This foreclosure action has a complicated history. Bank initially filed suit to foreclose in February 2000. That suit was dismissed without prejudice on September 30, 2002 for failure to prosecute. The Petition in the instant case was filed on May 3, 2005. Sometime in the summer of 2007, the trial court mailed Bank's counsel a notice that the case would be placed on a civil disposition docket on September 5, 2007. Counsel never received the notice (because he had moved and had failed to provide the trial court with his new address). Thus, Bank's counsel failed to appear at the disposition hearing and subsequently, the court clerk entered an unsigned minute order on that date indicating on the docket "case dismissed *with* prejudice." Bank thereafter filed its July 2008 petition to vacate the dismissal pursuant to 12 O.S.2001 § 1031(3), due to "mistake, neglect or omission of the clerk," and § 1031(7) for "unavoidable casualty or misfortune" premised upon Bank's former counsel not receiving notices of the disposition docket in both the first and second actions. Home Owners thereafter filed a Motion to Dismiss the Bank's petition to vacate followed by a number of the parties' other motions, briefs and supplemental briefs. Ultimately, the trial court concluded a clerical error had occurred in the clerk's entry of the September 2007 dismissal and accordingly entered an amended minute order to reflect the case was dismissed *without* prejudice. The trial court thereafter entered an Order of April 15, 2009 granting Home Owner's Motion to Dismiss the Bank's Petition to Vacate. Bank unsuccessfully appealed from that determination.[3]

¶ 4 Subsequent to the first appeal and back in the trial court, in May 2011 Home Owners filed a Motion to Dismiss *with* Prejudice in the trial court on the basis that Bank's claims were now barred by the statute of repose applicable to foreclosure actions (46 O.S. § 301)[4]. They argued that because Bank

---

**1.** Home Owners sought dismissal of this appeal on the basis that Bank has no standing because the subject note and mortgage were assigned to Chase Manhattan Mortgage Corporation (Chase) in October 2004. The record discloses that on September 25, 2008, Bank filed a Motion to Substitute Chase as the proper party plaintiff in the trial court. Home Owners objected to the substitution. On July 11, 2011, Bank filed a notice of Chase's name change in the trial court, noting that the Motion to Substitute the proper party plaintiff had not yet been ruled on. Two days later, the trial court entered its Order of Dismissal with Prejudice pursuant to 46 O.S. § 301, the statute of repose which is the subject of this appeal. That Order is silent on the substitution and/or standing issue and the trial court has never ruled on these issues. On October 18, 2011, we entered an Order denying Home Owners' Motion to Dismiss the appeal.

**2.** On that day, Home Owners additionally executed a balloon payment rider to the mortgage, which provides "IF NOT PAID EARLIER, THIS LOAN IS PAYABLE IN FULL ON November 4, 2012 (THE "MATURITY DATE"). BORROWER MUST REPAY THE ENTIRE UNPAID PRINCIPAL BALANCE OF THE LOAN AND INTEREST THEN DUE. THIS IS CALLED A "BALLOON PAYMENT."

**3.** That appeal (# 107,090) resulted in an unpublished Court of Civil Appeals opinion filed March 11, 2011.

**4.** Title 46 O.S. § 301 provides in pertinent part as follows:

A. Before November 1, 2001, no suit, action or proceeding to foreclose or otherwise enforce the remedies in any mortgage ... shall be had or maintained after the expiration of ten (10) years from the date the last maturing obligation secured by such mortgage ... becomes due as set out therein, and such mortgage, contract for deed or deed of trust shall cease to be a lien....
....

has "maintained" this action for more than seven years, § 301 requires it be dismissed.

¶ 5 In its response, Bank argued the statute of repose is an affirmative defense, which Homeowners waived by failing to assert it timely in their answer.[5] Additionally, Bank argued the statute of repose is inapplicable because the last maturing obligation of the mortgage has yet to become due (the note and mortgage expressly provide the last maturing obligation is due on November 4, 2012). Bank further asserted that if the filing of the Petition in the first action served to accelerate the maturity of the mortgage and commence the running of the statute, that case was dismissed without prejudice without any adjudication on the merits.[6]

Bank additionally argued that if the maturity of the mortgage has been accelerated by the May 2005 filing of the instant case, seven years from the commencement of this case will not expire until May, 2012 (and thus, the statute of repose has not run). Bank further argued alternatively that the Home Owners are equitably estopped from asserting the statute of repose.[7] Finally, Bank argued the statute of repose—applicable only to the mortgage foreclosure claim—does not preclude Bank's breach of contract claim with respect to the promissory note.[8]

¶ 6 Home Owners' reply brief clarifies their primary position on the Motion to Dismiss, which is that Bank's case has been

---

B. Beginning November 1, 2001, no suit, action or proceeding to foreclose or otherwise enforce the remedies in any mortgage ... shall be had or maintained after the expiration of seven (7) years from the date the last maturing obligation secured by such mortgage ... becomes due as set out therein, and such mortgage ... shall cease to be a lien....

5. While Bank cites Kansas law in support of this proposition, we note there is at least one Oklahoma case, which recognizes generally that a statute of repose is an affirmative defense. *Roberts v. Merrill*, 1963 OK 250, 386 P.2d 780.

6. Bank noted that if the February 2000 filing of the Petition in the first action commenced the statute of repose, the applicable period of repose is ten years (rather than seven) because it was filed prior to November 1, 2001 (thus triggering the application of § 301(A) ten-year term).

7. Because we reach the merits of the statute of repose issue, we need not decide this issue on appeal.

8. The trial court apparently ignored this argument and instead, seems to have applied the statute of repose to extinguish the *in personam* breach of contract claim along with the foreclosure claim. The contract claim is distinct from the *in rem* mortgage foreclosure claim and is not subject to application of the statute of repose. *See Cinco Enterprises v. Botts*, 1996 OK CIV APP 113, 931 P.2d 81, 83 (holding the foreclosure action and the suit on the underlying promissory note were commenced within the ten-year repose period of 46 O.S. § 301 but, nonetheless, *both* were barred by operation of the six-year statute of limitations in 12A O.S. § 3–118(a) applicable to the underlying suit on the note); see also *Jaworsky v. Frolich*, 1992 OK 157, 850 P.2d 1052 (holding the application of the statute of repose for tort claims arising from improvement to real

property found at 12 O.S. § 109 is expressly limited to tort claims and consequently, is inapplicable to the owner's warranty causes of action, which are based on contract and thus subject to the five-year statute of limitations). The statute of repose at 46 O.S. § 301, by its express terms, applies to foreclosure actions. An action to enforce the written obligation of a party to pay a note payable at a definite time is governed by a six-year statute of limitations. 12A O.S.2001 § 3–118(a). That statute requires commencement of the action within six years after the due date on the note or, if accelerated, within six years after the accelerated due date. Thus the statute of repose is inapplicable to the suit on the note.

In the instant case, if the accelerated due date was February 29, 2000 (the accelerated due date as determined by the trial court), then Bank's filing of the Petition in May 2005 was within the six-year statute of limitations and therefore timely filed. Homeowners argue a determination on this issue in another lawsuit (CJ–2007–717) filed against them on November 14, 2007 *by another party plaintiff* is binding here. However, we note the instant case was commenced in excess of two years prior to that action and therefore, a different time period applied there for purposes of calculating the running of the statute of limitations. Thus, while the court in that case might have correctly concluded the statute of limitations barred enforcement of the note in that case (because the plaintiff there filed its Petition two years subsequent to Bank filing here), that determination entered against a different party plaintiff is not binding here. "A judgment in favor of or adverse to the interest or title of an assignee or grantee, rendered in an action to which the assignor or grantor is not a party, is not conclusive as between the assignor or grantor and the successful assailant of the assignee's or grantee's interest or title." 47 Am. Jur 2D Judgments § 592. We find the trial court erred in its dis-

*maintained* for more than seven or ten years (depending on whether § 301(A) (ten years) or § 301(B) (seven years) applies). Additionally, Home Owners assert the statute of repose is not an affirmative defense and therefore cannot be waived. Ultimately, the trial court entered its July 13, 2011 Order granting Home Owners' Motion to Dismiss *with* prejudice upon a finding that the cause of action "is and has been an attempt to *maintain* the action in excess of seven or ten years" from February 29, 2000 contrary to 46 O.S. § 301 (emphasis added).

¶ 7 This case presents a question of statutory construction and is thus a question of law subject to *de novo* review. *Curry v. Streater*, 2009 OK 5, ¶ 8, 213 P.3d 550, 554. The primary goal of statutory construction is to ascertain and follow the intention of the legislature. *TRW/Reda Pump v. Brewington*, 1992 OK 31, 829 P.2d 15, 20. The plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 13, 33 P.3d 302, 307; *City of Tulsa v. Public Employees Relations Board*, 1998 OK 92, ¶ 14, 967 P.2d 1214, 1220. Further, "[a]n absurd result cannot be presumed to have been intended by the drafters." *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 11, 230 P.3d 853, 859.

■■■ ¶ 8 As of the writing of this opinion, there is only one published opinion interpreting 46 O.S. § 301. *See Cinco Enterprises, Inc. v. Botts*, 1996 OK CIV APP 113, 931 P.2d 81. A statute of repose "restricts potential liability by limiting the time during which a cause can arise. It thus serves to bar a cause of action before it accrues." *Id.* at 82 (quoting *Smith v. Westinghouse Elec.*

*Corp.*, 1987 OK 3, 732 P.2d 466, n. 11). The Court in *Cinco* held § 301 was a statute of repose and found "the language [therein] sets the outer boundary beyond which an action for foreclosure *may be brought* and allows no exceptions thereto." *Id.* (emphasis added). In *Cinco*, the Court clearly interpreted the time period of § 301 as establishing the outer boundary beyond which *thereafter* no cause of action arises.

■■■ ¶ 9 *Cinco* is silent as to whether § 301 may operate to extinguish a cause of action which has *already arisen and suit has already been commenced* within the statutorily permitted time, but remains pending beyond the statute of repose time period. General principles of law, however, governing statutes of repose [9] do not lend support to a construction of this statute that would terminate a timely filed and pending case. "A statute of repose prescribes a time period within which an action may be initiated and that time period begins to run from a specific act or event...." *Consolidated Grain & Barge Co. v. Structural Systems, Inc.*, 2009 OK 14, ¶ 10, 212 P.3d 1168, 1171–72, citing *Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816 (providing no action shall be brought more than ten years after substantial completion of an improvement to real property pursuant to 12 O.S.2001 § 109).

¶ 10 The cause of action here was *timely commenced*—both with the filing of the Petition in the initial action in 2000, and with its re-filing in 2005.[10] Although this case was timely filed within the applicable statute of limitation *and* within the time limits of the statute of repose, Home Owners contend that because the case has *remained pending* for an extended period of time (through one appeal and various delays caused by counsel, the court clerk, and apparently intermittent

missal of the contract claim on statute of repose grounds.

**9.** "A statute of repose is jurisdictional and if a plaintiff fails to bring his or her action within the time specified by the statute of repose, the plaintiff has no recourse in a court of law." 51 Am. Jur. 2D Limitation of Actions § 25 (2011). "There is a fixed beginning and end to the time period which a party has to file a complaint under such a statute. A statute of repose limits the time within which an action may be brought,

but it is not related to the accrual of the cause of action." 51 Am Jur 2D Limitation of Actions § 4 (2011).

**10.** The action was timely filed under either the seven or ten year period of repose whether calculated from November 4, 1999 (listed as the date of Home Owners default in Bank's Petition), February 29, 2000 (the date of filing of the initial Petition/acceleration of the debt as determined by the trial court), or May 5, 2005 (the date of the refiling of the Petition in the instant case).

settlement negotiations) the case must now be dismissed pursuant to the statute of repose. Presumably, Home Owners derive this contention from the specific statutory text of § 301 that no foreclosure action "shall be had **or maintained** after the expiration" (emphasis added) of the statutory time period. Their argument rests upon the words "or maintained" as reflecting a presumed legislative intent to extinguish pending cases from continuing beyond the statutory time period. Home Owners cite no supportive authority for that construction aside from the specific language of the statute. Further, independent research reveals no authority supporting the dismissal of a timely filed foreclosure action for pending in excess of the time limits set forth in the statute of repose.

¶ 11 Our review of the entire statute, case law, and rules of statutory construction lead only to the conclusion that Home Owners' construction is strained, absurd, and inconsistent with legislative intent. "A statutory construction which would lead to an absurdity will be avoided if this can be done without violating the evident legislative intent." *Wooten v. Hall,* 1968 OK 90, 442 P.2d 334, 336. Further, "[a]n inept or incorrect choice of words [in the statute] will not be construed or applied in such manner as to destroy the real and obvious purpose of a legislative enactment." *Id.* (citation omitted). The Home Owners' strained interpretation is at odds with the obvious intent of the statute. To interpret the statute as providing for the *extinguishment* of *timely filed* actions *pending* in excess of the statutory time period would encourage and reward tactics designed to intentionally delay the resolution of foreclosure cases in an attempt to ultimately avoid legitimate mortgage payment obligations.

¶ 12 Further, as used in § 301, we construe the term "had or maintained" to be synonymous with "commenced." The Legislature intended § 301 as a statute of repose, which operates to set a fixed time period within which a party must file its foreclosure petition. The trial court erred in interpreting § 301 as extinguishing a pending cause of action, which had been timely commenced within the applicable statutory time period.

¶ 13 The trial court's dismissal of Bank's foreclosure action on the basis of 46 O.S. § 301 is REVERSED and this cause is REMANDED for further proceedings.

BELL, P.J., and HETHERINGTON, J., concur.